J-S06027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KURR S. FARRALES | : | |
| | : | |
| Appellant | : | No. 3868 EDA 2016 |
| | : | |

Appeal from the Order Entered November 28, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003335-2010

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 23, 2018**

Kurr S. Farrales appeals from the order designating him as a sexually violent predator ("SVP") under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41. We affirm in part, reverse in part, and remand.

The facts and procedural history relevant to our disposition are as follows. On May 2, 2016, Farrales entered an open guilty plea to three counts of involuntary deviate sexual intercourse/child less than 16 years of age,[1] four counts of involuntary deviate sexual intercourse/child less than 13 years of

_____

[1] 18 Pa.C.S.A. § 3123(a)(7).

age,[2] four counts of statutory sexual assault,[3] five counts of indecent assault/person less than 13 years of age,[4] three counts of indecent assault/person less than 16 years of age,[5] and one count of corruption of minors.[6] The victim in this case was Farrales' stepdaughter, whom Farrales sexually abused from the time she was eight years old until she was approximately 13 or 14 years old.

Farrales waived his right to have his SVP status determined prior to sentencing, instead agreeing to an SVP hearing to be conducted thereafter. On October 13, 2016, the trial court sentenced Farrales to 12 to 30 years in prison followed by 11 years of probation. The court subsequently held an SVP hearing on November 28, 2016 pursuant to SORNA, and, on that same day, issued an order finding Farrales to be an SVP. Farrales filed a timely notice of appeal, in December 2016, and the trial court-ordered Pa.R.A.P. 1925(a) statement. The trial court issued a Pa.R.A.P. 1925(b) opinion in April 2017.

Farrales raises a single issue for our review:

> Whether the evidence was sufficient as a matter of law to find [Farrales] to be a sexually violent predator.

_____

[2] 18 Pa.C.S.A. § 3123(b).

[3] 18 Pa.C.S.A. § 3122.1(b).

[4] 18 Pa.C.S.A. § 3126(a)(7).

[5] 18 Pa.C.S.A. § 3126(a)(8).

[6] 18 Pa.C.S.A. § 6301(a)(1).

Farrales' Brief at 8.

Farrales argues that the trial court erroneously determined that the expert testimony of Sexual Offender Assessment Board ("SOAB") member Dr. Jennifer Hahn, Ph.D. was sufficient to establish that he was an SVP because Dr. Hahn failed to interview him and declined to consider various mitigating factors. However, for the reasons that follow, we do not reach the merits of Farrales' claim.

While Farrales' instant appeal was pending, the Pennsylvania Supreme Court issued its decision in **Commonwealth v. Muniz,** 164 A.3d 1189 (Pa. 2017) (OAJC), *cert. denied sub nom.* **Pennsylvania v. Muniz**, No. 17-575, 2018 WL 491630 (U.S. Jan. 22, 2018). In **Muniz**, the Court held that the registration requirements set forth under SORNA constitute criminal punishment as opposed to a mere civil penalty, and therefore their retroactive application violates the *Ex Post Facto* clause of the U.S. Constitution. 164 A.3d at 1218.

SORNA provides that a defendant found guilty of certain enumerated offenses is subject to one of three different "tiers" of registration periods – 15 years, 25 years, or lifetime registration – depending solely on whether the defendant's offense of conviction is a Tier I, Tier II, or Tier III offense. **See** 42 Pa.C.S.A. § 9799.14 (setting forth tier system). Notwithstanding the three-tier system, SORNA also subjects to lifetime registration those that the trial court at sentencing (rather than the fact-finder at trial) finds to be SVPs by

clear and convincing evidence(rather than beyond a reasonable doubt). *See* 42 Pa.C.S.A. § 9799.24(e)(3)).

In the wake of *Muniz*, this Court held that applying SORNA's aggravated registration periods for those found to be SVPs is unconstitutional, even when not applied retroactively. *Commonwealth v. Butler*, 173 A.3d 1212, 1217 (Pa.super. 2017).[7] We concluded in *Butler* that because *Muniz* held SORNA's registration requirements are punitive, and an SVP designation increases the registration period, trial courts cannot apply SORNA's increased registration requirement for SVPs because SORNA does not require a fact-finder to determine, beyond a reasonable doubt, that the defendant is an SVP. *Id.* at 1217-18 (citing *Alleyne v. United States*, 570 U.S. 99 (2013)).

Accordingly, in *Butler*, we directed trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder. *Butler*, 173 A.3d at 1218. We further held that the application of SORNA's increased registration period for SVPs constituted an illegal sentence that we could (and did) raise *sua sponte*. *Id.* at 1215. We therefore reversed the order finding the defendant to be an SVP and remanded

---

[7] This Court denied reargument in *Butler* on January 3, 2018. The Commonwealth filed a petition for allowance of appeal to the Pennsylvania Supreme Court on February 1, 2018. That petition is still pending as of this writing.

to the trial court for the sole purpose of issuing appropriate notice[8] of the defendant's tier-based registration period. *Id.* at 1218.

Therefore, in the case *sub judice*, in light of **Muniz** and **Butler**, we conclude that Farrales' SVP designation constitutes an illegal sentence. In this case, the trial court conducted an SVP hearing and determined Farrales to be an SVP via clear and convincing evidence, rather than beyond a reasonable doubt. Therefore, we vacate Farrales' SVP status, pursuant to **Butler**, and remand to the trial court to issue appropriate notice to Farrales pursuant to 42 Pa.C.S.A. § 9799.23.

Order vacated. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/18

---

[8] **See** 42 Pa.C.S.A. § 9799.23 (providing for court notification and classification requirements).