J. A16034/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JOSEPH CURRAN, : No. 2995 EDA 2017
:
Appellant :


Appeal from the Judgment of Sentence, November 14, 2016,
in the Court of Common Pleas of Carbon County
Criminal Division at No. CP-13-CR-0000236-2016


BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 27, 2018**

Joseph Curran appeals from the November 14, 2016 judgment of sentence that was entered after he pled guilty to one count of indecent assault without consent of another.[1]  We affirm appellant's conviction, vacate the determination of sexually violent predator ("SVP"), and remand to the trial court to determine whether any registration requirements exist.

The conduct giving rise to appellant's guilty plea occurred on January 1, 2001 and December 31, 2003.  (Information, 3/21/16.)  Following a hearing, the trial court designated appellant an SVP pursuant to Pa.C.S.A. § 9799.12, which subjected him to lifetime registration.  Following sentencing, appellant

---

[1] 18 Pa.C.S.A. 3126(a)(1).  The trial court sentenced appellant to 3 to 24 months less 1 day of imprisonment.  Appellant does not challenge the discretionary aspects of his sentence.

timely filed a post-sentence motion seeking reconsideration of his SVP classification which was denied by operation of law on July 13, 2017. On July 19, 2017, our supreme court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (OAJC), **cert. denied sub nom. Pennsylvania v. Muniz**, 138 S.Ct. 925, 200 L.Ed. 2d 213, 2018 WL 491630 (U.S. 2018). On August 8, 2017, appellant filed a notice of appeal to this court. On September 25, 2017, absent a court order directing him to do so, appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Preliminarily, we note that appellant's challenge to the legality of his sentence is non-waiveable. **Commonwealth v. Butler**, 173 A.3d 1212, 1214 (Pa.Super. 2017) (citations omitted). In this appeal, appellant contends, among other things, that pursuant to **Muniz**, application of the registration requirements in SORNA[2] violate the **ex post facto** clause of the Pennsylvania Constitution. (Appellant's brief at 12.)

After the trial court sentenced appellant, our supreme court held that SORNA'S registration requirements constitute criminal punishment, as opposed to a mere civil penalty, and therefore, their retroactive application violates the **ex post facto** clause of the U.S. Constitution. **Muniz**, 164 A.3d at 1192. Thereafter, in **Butler**, this court concluded that because **Muniz** held

---

[2] Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41.

SORNA's registration requirements are punitive and an SVP designation increases the registration period, trial courts cannot apply SORNA's increased registration requirement to SVPs because SORNA does not require a fact-finder to determine, beyond a reasonable doubt, that the defendant is an SVP. **Butler**, 173 A.3d at 1217-1218, citing **Alleyne v. United States**, 570 U.S. 99 (2013). We further found 42 Pa.C.S.A. § 9799.24(e)(3) unconstitutional and directed trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder. **Butler**, 173 A.3d at 1218. As such, we reversed the order designating the defendant as an SVP and remanded to the trial court for the sole purpose of issuing appropriate notice of the defendant's tier-based registration period. **Id.**

In light of **Muniz** and **Butler**, appellant's SVP designation constitutes an illegal sentence. Therefore, we affirm appellant's conviction, vacate that portion of appellant's sentence finding appellant to be an SVP, and remand to the trial court to determine whether any registration requirements exist.

Judgment of sentence vacated in part and affirmed in part. Case remanded with instructions. Jurisdiction relinquished.

J. A16034/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/18