J-S27011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| WILLIAM GODSHALL BECHTEL | : | |
| Appellant | : | No. 322 EDA 2016 |

Appeal from the Judgment of Sentence December 18, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014177-2013

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.: **FILED JULY 19, 2018**

Appellant, William Godshall Bechtel, appeals from the judgment of sentence entered on December 18, 2015. After careful review, we affirm Appellant's judgment of sentence. However, we are constrained to reverse the order designating Appellant as a Sexually Violent Predator ("SVP"), and we remand to the trial court to advise Appellant of his obligations under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41.

On April 9, 2015, Appellant pled *nolo contendere* to two counts of child pornography.[1] The trial court sentenced Appellant to a term of eleven and

---

[1] 18 Pa.C.S. § 6312(d).

one-half to twenty-three months of incarceration followed by ten years of probation on each count.[2] The trial court ordered the sentences to run concurrently. However, the record reflects that Appellant was sentenced on one count of child pornography on April 9, 2015, and then sentenced on the second count on December 18, 2015. Order, 12/18/15. The December 18, 2015 order also designated Appellant as a SVP. *Id.*

On January 19, 2016, Appellant filed a timely notice of appeal from the December 18, 2015 judgment of sentence.[3] On appeal, Appellant challenges his designation as an SVP, which is a challenge to the legality of his sentence. *Commonwealth v. Butler*, 173 A.3d 1212, 1214 (Pa. Super. 2017). Specifically, Appellant avers that 42 Pa.C.S. § 9799.24(e)(3) of SORNA is constitutionally infirm. Appellant's Brief at 3. The Commonwealth concedes this issue and does not oppose reversal of the SVP order. Commonwealth's Brief at 4.[4]

_____

[2] Appellant had a previous conviction for rape.

[3] The notice of appeal from the judgment of sentence entered on December 18, 2015, was timely. The thirtieth day following Appellant's December 18, 2015 judgment of sentence and designation as an SVP fell on Sunday, January 17, 2016, and the next day, Monday, January 18, 2016, was the Martin Luther King, Jr. holiday. Accordingly, Appellant's notice of appeal, which was filed on Tuesday, January 19, 2016, was timely. *See* 1 Pa.C.S. § 1908 (stating that for computations of time, whenever the last day of any such period shall fall on Saturday, Sunday, or a legal holiday, such day shall be omitted from the computation).

[4] We appreciate the Commonwealth's candor.

In **Butler**, this Court, applying **Commonwealth v. Muniz**, 135 A.3d 178 (Pa. 2017), **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United States**, 570 U.S. 99 (2013), found that 42 Pa.C.S. § 9799.24(e)(3) of SORNA is unconstitutional. **Butler**, 173 A.3d at 1218. As a result, we held that "trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." **Id.** In the present case, Appellant was determined to be an SVP under the now unconstitutional SVP mechanism. In light of **Butler**, we must reverse the trial court's SVP order and remand this case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S. § 9799.23. **Id.**

SVP order reversed. Judgment of sentence affirmed in all other respects. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/18