J-A08010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                  PENNSYLVANIA
:
v.                                  :
:
:
:
LEON FULTON                         :
:
Appellant          :    No. 2649 EDA 2016

Appeal from the Judgment of Sentence April 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010329-2014
CP-51-CR-0010330-2014

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.                        **FILED AUGUST 31, 2018**

Following a hearing, Appellant, Leon Fulton, was found to meet the statutory requirements to be classified as a "sexually violent predator" pursuant to the assessment provision of then current version of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.24. He now appeals that designation in light of the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 925 (2018).

The main argument presented by Fulton is that the retroactive application of SORNA violates the *ex post facto* clauses of the federal and state constitutions because the offenses to which he pleaded guilty occurred prior to the effective date of SORNA. He also contends that the standard of proof of clear and convincing evidence relating to SVPs is no longer constitutionally

_____
*   Retired Senior Judge assigned to the Superior Court.

sufficient because the consequences of the designation under SORNA have been deemed punitive in nature, therefore requiring proof beyond a reasonable doubt.[1] Fulton's brief was filed before our published decision in **Commonwealth v. v. Butler**, 173 A.3d 1212, 1217 (Pa. Super. 2017).

On November 4, 2014, Fulton entered a negotiated guilty plea in two separate cases. In the first, docketed at CP-51-CR-0010329-2014, he pled guilty to two counts: Indecent Assault, 18 Pa.C.S.A. § 3126, graded as a felony of the third degree, and Corruption of Minors, 18 Pa.C.S.A. § 6301, graded as a misdemeanor of the first degree. In the second, docketed at CP-51-0010330-2014, he pled guilty to Involuntary Deviate Sexual Intercourse, 18 Pa.C.S.A. § 3123, a felony of the first degree, and Corruption of Minors, 18 Pa.C.S.A. § 6301, again graded as a misdemeanor of the first degree. At the time of his guilty plea, the Commonwealth summarized the factual foundation to support the plea as follows:

> As to . . . No. 10329-2014, the complaining witness in that case is a -- was an 11-year-old female, initials S.F. She stated that while inside of 400 North, I believe it's Busti Street . . . , here in Philadelphia, apartment 1502, her uncle, the defendant here at the bar of the Court, touched her private parts on multiple occasions with her [sic] hands on the top of her clothes. She stated that the defendant would touch and rub her buttocks and chest with his hands. She stated that the defendant told her that if he – if she told anybody he would kill her and her brother.

---

[1] Fulton also contends that the evidence presented at the SVP hearing did not prove that he suffers from Pedophilic Disorder, the underlying basis for his designation as a sexually violent predator. In light of our decision that the order must be reversed, we do not reach that issue.

- 2 -

She also stated this subject would lock her and her brother in a closet after beating them with a belt. She recalled – recollected that this incident happened sometime during the course of 2008.

As to . . . Docket No. 10330, the victim is a 15-year-old male, C.S., who I believe is the brother. He was interviewed and stated that while inside that same residence, his uncle, the defendant, sexually abused him on one occasion. The complainant stated that he was in the bathroom when the defendant pulled down his pants and tried to put his penis in the complainant's buttocks. The complainant stated that he felt like he was being raped and that his buttocks hurt when the subject tried to put his penis in there. He indicates that this incident happened when he was approximately 8 to 9 years old or what would have been 2009.

Transcript, Guilty Plea, 11-4-2014, at 9-10.

A bifurcated SVP hearing was held on November 9, 2015, and March 10, 2016. At the first hearing, Dr. Barbara Ziv testified on behalf of the Commonwealth, and at the second hearing, Dr. Timothy Foley testified on behalf of Fulton. At the conclusion of the March 10 hearing, the trial court found that Fulton should be designated as a sexually violent predator. Transcript, Hearing Volume I, 3-10-2016 at 4-9.[2]

On April 8, 2016, Fulton received an aggregate sentence of six to twelve years of incarceration, to be followed by ten years of supervision.

---

[2] "The Commonwealth has shown the defendant meets the criteria, mental abnormality or personal disorder, likely to engage in predatory sexual offenses." Transcript, Hearing Volume I, 3-10-2016 at 9.

Fulton filed a timely counseled post sentence motion. In the Motion, Fulton's sole issue challenged his classification as a Sexually Violent Predator. The Motion was denied by the trial court on August 15, 2016. This appeal follows.

Fulton raises five issues. In the first three, Fulton contends that his designation as a SVP should be vacated in light of **Muniz**, as well as the application of the federal and state constitutional prohibitions against *ex post factor* sanctions. In his fourth, he argues that the Commonwealth did not present sufficient evidence to satisfy the statutory definition of a sexually violent predator. In his last issue, he requested permission to raise other matters that are addressed in **Muniz** in the event this case is remanded for a new SVP hearing. Fulton does not challenge his conviction or his sentence.

The Commonwealth, in its brief, does not oppose the reversal of the trial court's remand for a new SVP hearing. The Commonwealth states that it "does not oppose the reversal of the order below to the extent that it retroactively applies the registration requirements of SORNA. Because defendant does not challenge the validity of his guilty plea or the imposition of the negotiated sentence, the judgments of sentence should be affirmed in all other aspects." Appellee's Brief at 6-7 (footnote omitted).

In **Muniz**, the Pennsylvania Supreme Court found the registration conditions of the former version of SORNA to be punitive. The Court held that retroactive application of SORNA's then registration requirements constituted

a violation of both the United States and Pennsylvania's constitutional provisions against *ex post facto* laws. Consequently, the Court deemed such retroactive applications unconstitutional and therefore invalid.

We subsequently applied ***Muniz*** in ***Commonwealth v. v. Butler***, 173 A.3d 1212, 1217 (Pa. Super. 2017), to hold that trial courts cannot constitutionally apply SORNA's SVP procedures. There, we explained that doing so would unconstitutionally deprive a criminal defendant of the right to have a jury determine whether the Commonwealth had proven all elements of the crime charged beyond a reasonable doubt:

> In sum, we are constrained to hold that section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt. *Moreover, we are constrained to hold trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism*. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense. We, therefore, vacate the trial court's order of July 25, 2016 which found Appellant to be an SVP and, we remand this case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S.A. § 9799.23 as to Appellant's registration obligation for a period of 15 years. As we reverse the trial court's SVP order, we need not address the issues he raises on appeal, which contest his SVP designation on other grounds.

***Id***., at 1218 (emphasis added).

Applying ***Butler*** in a later decision, we said:

> ***Butler*** determined that, as a result of ***Muniz***, the SVP procedure is subject to the constitutional requirement that the facts

constituting that punishment must be found by a fact-finder beyond a reasonable doubt. Thus, 42 Pa.C.S. § 9799.24(e)(3), which requires the trial court to find the relevant facts by clear and convincing evidence, was deemed unconstitutional.

***Commonwealth v. Tighe***, 184 A.3d 560, 583 (Pa. Super. 2018).

The Pennsylvania Legislature has endeavored to resolve the issues raised in ***Muniz*** by passing a law to replace the invalidated portions of SORNA. ***See*** 2018 Pa. Legis. Serv. Act 2018-29 (H.B. 1952) (approved June 12, 2018) ("Act 29"), amending Title 42 (Judicial Procedure) of the Pennsylvania Consolidated Statutes. Though Act 29 was enacted during the pendency of this appeal, it became effective immediately. However, it does not amend the SVP provisions in 42 Pa.C.S.A. § 9799.24. ***See*** 42 Pa.C.S.A. § 9799.52 and 9799.55.

In light of ***Muniz*** and ***Butler***, Appellant's SVP status constitutes an illegal sentence. Therefore, we vacate that portion of Appellant's sentence finding him to be an SVP and remand to the trial court to issue a revised notice to Appellant pursuant to 42 Pa.C.S.A. § 9799.23 (governing reporting requirements of sex offenders). Accordingly, we vacate the trial court's imposition of SVP status, but affirm the judgment of sentence in all other respects.

Since Fulton was convicted of a Tier III offense, he is still required to register for life. **See** 42 Pa.C.S. § 9799.14(d) (classifying Involuntary Deviate Sexual Intercourse as a Tier III offense).[3]

Judgment of sentence affirmed in part and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/18

---

[3] Involuntary Deviate Sexual Intercourse also required lifetime registration under Megan's Law, 42 Pa.C.S.A. § 9795.1(b)(2) (repealed).