J-A21024-17

2017 PA Super 344

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

JOSEPH DEAN BUTLER,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1225 WDA 2016

Appeal from the Judgment of Sentence August 4, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001538-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

OPINION BY OLSON, J.:                          **FILED OCTOBER 31, 2017**

Appellant, Joseph Dean Butler, appeals from the judgment of sentence entered on August 4, 2016, as made final by the denial of his post-sentence motion on August 10, 2016.  In this case, we are constrained by our Supreme Court's recent decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), to hold that 42 Pa.C.S.A. § 9799.24(e)(3), a portion of the Sexual Offender Registration and Notification Act's ("SORNA's") framework for designating a convicted defendant a Sexually Violent Predator ("SVP"), violates the federal and state constitutions.  As such, we are compelled to reverse the trial court's July 25, 2016 order finding that Appellant is an SVP and we remand for the sole purpose of having the trial court issue the appropriate notice under 42 Pa.C.S.A. § 9799.23 as to Appellant's registration requirements.

The factual background and procedural history of this case are as follows. Between October 2013 and June 2014, Appellant, then 21 years old, had sexual intercourse with a 15-year-old female approximately 50 times. On September 23, 2014, the Commonwealth charged Appellant via criminal information with statutory sexual assault,[1] manufacturing child pornography,[2] criminal use of a communication facility,[3] and corruption of minors.[4] On July 27, 2016, Appellant pled guilty to statutory sexual assault and corruption of minors. Pursuant to SORNA, the trial court ordered the Sexual Offender Assessment Board ("SOAB") to evaluate whether Appellant met the criteria for designation as an SVP and deferred sentencing until that evaluation was completed.[5]

On July 25, 2016, after receiving evidence from both the Commonwealth and Appellant, the trial court entered an order finding that the Commonwealth proved by clear and convincing evidence that Appellant

---

[1] 18 Pa.C.S.A. § 3122.1(a)(1).

[2] 18 Pa.C.S.A. § 6312(b).

[3] 18 Pa.C.S.A. § 7512(a).

[4] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[5] Pursuant to section 9799.24(a) of SORNA, "[a]fter conviction but before sentencing, a court **shall** order an individual convicted of a sexually violent offense to be assessed by the [SOAB]." 42 Pa.C.S.A. § 9799.24(a) (emphasis added). Appellant's conviction for corruption of minors, a sexually violent offense as defined by SORNA, required the trial court to order an SVP evaluation of Appellant.

was an SVP and designated him as such. On August 4, 2016, the trial court sentenced Appellant to an aggregate term of 12 to 30 months' imprisonment followed by 90 months' probation. As the trial court designated Appellant an SVP, it issued notice pursuant to section 9799.23 of SORNA that he is required to register with the Pennsylvania State Police for life. *See* 42 Pa.C.S.A § 9799.15(a)(6).[6] Thereafter, Appellant filed a post-sentence motion which the trial court denied on August 10, 2016. This timely appeal followed.[7]

Appellant presents two issues for our review:

1. Whether the Commonwealth presented sufficient evidence to prove [by] clear and convincing evidence . . . that [A]ppellant is [an SVP?]

2. Whether the [SVP] designation as provided under [SORNA] is unconstitutional and violates Appellant's fundamental right to protect his reputation as secured by Pennsylvania Constitution Article I[,] Section 1?

Appellant's Brief at 1 (complete capitalization and quotation marks omitted).

Prior to addressing the issues presented by Appellant, we *sua sponte* address the impact of our Supreme Court's decision in ***Muniz*** on the legality of Appellant's judgment of sentence with particular focus on the process by which Appellant was designated an SVP. Generally, issues not raised before

---

[6] Section 9799.15(a)(6) of SORNA provides that an SVP "shall register for the life of the individual." 42 Pa.C.S.A. § 9799.15(a)(6).

[7] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

the trial court are waived for appellate purposes. Pa.R.A.P. 302(a). Similarly, this Court generally may not reverse, modify, or vacate an order or judgment of sentence for a reason not raised by the parties. **See Johnson v. Lansdale Borough**, 146 A.3d 696, 709 (Pa. 2016) (citations omitted). Notwithstanding these general rules, "[a] challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewable and may even be raised by an appellate court *sua sponte*." **Commonwealth v. Batts**, 163 A.3d 410, 434 (Pa. 2017) (citation omitted). Therefore, if **Muniz** rendered Appellant's judgment of sentence illegal, we may raise that issue *sua sponte*.

We are unaware of any Pennsylvania case law directly addressing whether the framework for designating a convicted defendant an SVP, which in this case increased Appellant's minimum registration requirement, implicates the legality of his or her sentence. Therefore, we proceed with an analysis under general principles regarding the legality of sentences.

Our Supreme Court defined what constitutes an illegal sentencing claim in **Commonwealth v. Barnes**, 151 A.3d 121 (Pa. 2016). In that case, a majority of our Supreme Court adopted the definition proposed by the opinion announcing the judgment of the court in **Commonwealth v. Foster**, 17 A.3d 332 (Pa. 2011). **See Barnes**, 151 A.3d at 127. Specifically, our Supreme Court held that "legality of sentence issues occur generally either: (1) when a trial court's traditional authority to use

- 4 -

discretion in the act of sentencing is somehow affected and/or (2) when the sentence imposed is patently inconsistent with the sentencing parameters set forth by the General Assembly." **Foster**, 17 A.3d at 342 (Baer, J., opinion announcing the judgment of the court). Applying that definition in **Barnes**, our Supreme Court held that "where the mandatory minimum sentencing authority on which the sentencing court relied is rendered [unconstitutional], and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal." **Barnes**, 151 A.3d at 127.

As we detail below, Appellant's designation as an SVP exposed him to an increased minimum registration requirement. Until **Muniz**, registration requirements were deemed to be civil in nature and not punitive. **Muniz**, 164 A.3d at 1203[8] ("the [**Commonwealth v. Williams,** 832 A.2d 962 (Pa. 2003)] Court established the registration, notification, and counseling requirements imposed under Megan's Law II [, a predecessor to SORNA,] were not punitive"). **Muniz** was a sea change in the longstanding law of this Commonwealth as it determined that the registration requirements under SORNA are not civil in nature but a criminal punishment. **Id**. at 1218

---

[8] For clarity, when citing to the portions of the **Muniz** opinion which garnered a majority, we do not use a parenthetical; however, when citing to the portions of the **Muniz** decision which failed to garner a majority, we use the parenthetical (Dougherty, J., OAJC).

(Dougherty, J., OAJC) ("SORNA involves affirmative disabilities or restraints, its sanctions have been historically regarded as punishment, including deterrence and retribution, and its registration requirements are excessive in relation to its stated nonpunitive purpose"). Hence, SORNA registration requirements are now deemed to be punitive and part of the criminal punishment imposed upon a convicted defendant. Accordingly, the general principles regarding illegal sentences are applicable to the case before us, and when applied, we find that the inquiry above implicates the legality of Appellant's sentence and we may raise it *sua sponte*.

We review the legality of a sentence *de novo* and our scope of review is plenary. **Commonwealth v. Brown**, 159 A.3d 531, 532 (Pa. Super. 2017) (citation omitted). Moreover, "[o]ur Supreme Court has instructed that we must presume that statutes are constitutional and [in order to declare a statute unconstitutional] it [must] clearly, plainly, and palpably violate[] the constitution." **Commonwealth v. Felder**, 75 A.3d 513, 516 (Pa. Super. 2013), *appeal denied*, 85 A.3d 482 (Pa. 2014) (citation omitted).

To understand the issue presented in this case, it is necessary to review the relevant portions of SORNA that address SVPs. Under SORNA, an individual convicted of a sexually violent offense, such as sexually corrupting minors in this case, must be evaluated by the SOAB. 42 Pa.C.S.A. § 9799.24(a). The SOAB conducts a 15-factor analysis to determine if the individual should be designated an SVP. 42 Pa.C.S.A. § 9799.24(b). The

SOAB then submits a report to the prosecuting authority. 42 Pa.C.S.A. § 9799.24(d). Upon praecipe by the prosecuting authority, the trial court schedules an SVP hearing. 42 Pa.C.S.A. § 9799.24(e)(1). At the conclusion of that hearing, "the court [determines] whether the Commonwealth has proved by clear and convincing evidence that the individual is a[n SVP]." 42 Pa.C.S.A. § 9799.24(e)(3). It is this last step in the process, section 9799.24(e)(3), that is at issue in this case.

As relevant to the issue presented in this case, an SVP faces mandatory lifetime registration under SORNA. 42 Pa.C.S.A § 9799.15(a)(6). In this case, if Appellant were not designated an SVP, he would be required to register for only 15 years. **See** 42 Pa.C.S.A §§ 9799.14(b)(8), 9799.15(a)(1) (individuals convicted of sexually corrupting minors, a Tier I sexual offense under SORNA, must register for 15 years).[9,10] In other

_____

[9] Under SORNA, sexual offenses are classified in a three-tiered system composed of Tier I sexual offenses, Tier II sexual offenses, and Tier III sexual offenses. 42 Pa.C.S.A. § 9799.14. Generally, a person convicted of a Tier I sexual offense must register for a period of 15 years. 42 Pa.C.S.A. § 9799.15(a)(1). A person convicted of a Tier II sexual offense must register for 25 years and a conviction of a Tier III sexual offense carries a mandatory lifetime registration requirement. 42 Pa.C.S.A. § 99799.15(a)(2) and (3). Under SORNA, trial courts have no discretion when imposing registration requirements. Instead, an adult convicted of a sexually violent offense must register for 15 years, 25 years, or the remainder of his or her life. **See generally** 42 Pa.C.S.A. § 9799.15. As such, these registration requirements are the functional equivalent of both a mandatory minimum and maximum sentence.

[10] An individual is not required to register following a conviction for statutory sexual assault under 18 Pa.C.S.A. § 3122.1(a)(1), which encompasses
*(Footnote Continued Next Page)*

words, the SVP designation increased Appellant's registration exposure from 15 years to life.

Having set forth the SVP statutory framework included as part of SORNA, we turn to our Supreme Court's recent decision in *Muniz*. In *Muniz*, our Supreme Court considered whether applying SORNA's registration requirements to an individual "convicted of sex offenses prior to SORNA's effective date but sentenced afterwards" violates the federal and/or state *ex post facto* clauses. *Muniz*, 164 A.3d at 1193. Our Supreme Court's resolution of this issue "depend[ed] on a determination of whether SORNA's retroactive application [] constitutes punishment." *Muniz*, 164 A.3d at 1208 (Dougherty, J., OAJC) (citations omitted). If SORNA's increased registration requirements constitute punishment under the federal and/or state constitution, then retroactive application of SORNA's registration requirements violates the federal and/or state constitution. *See id.* On the other hand, if, as federal courts have held, *id.* at 1219 (citations omitted), SORNA's registration requirements do not constitute punishment, then retroactive application of SORNA's registration requirements does not violate the federal and/or state constitution.

_(Footnote Continued)_ ──────────────

crimes where the victim was four to eight years younger than the defendant. In this case, the victim was six years younger than Appellant. Thus, Appellant's conviction for statutory sexual assault does not require Appellant to register under SORNA.

In determining whether the registration requirements of SORNA constitute punishment, our Supreme Court analyzed and weighed the factors set forth in *Kennedy v. Mendoza–Martinez*, 372 U.S. 144 (1963). Our Supreme Court

> determined four of the five factors to which [it gave] weight—all except for whether there is an alternative purpose to which the statute may be rationally connected—weigh[ed] in favor of finding SORNA to be punitive in effect despite its expressed civil remedial purpose. [It] conclude[d] SORNA involves affirmative disabilities or restraints, its sanctions have been historically regarded as punishment, its operation promotes the traditional aims of punishment, including deterrence and retribution, and its registration requirements are excessive in relation to its stated nonpunitive purpose.

*Muniz*, 164 A.3d at 1218 (Dougherty, J., OAJC). Thus, according to our Supreme Court, the registration requirements of SORNA constitute punishment for purposes of the federal and state constitutions. *Id.*; *id.* at 1233 (Wecht, J., concurring) ("SORNA is punitive").

We next turn to the implications of our Supreme Court's holding in *Muniz*.

> In *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)], the Supreme Court of the United States held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Stated another way, it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.
>
> Subsequently in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the [Supreme Court of the United States] held that any

fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt. The **Alleyne** majority reasoned that while **Harris v. United States**, 536 U.S. 545 (2002), limited **Apprendi** to facts increasing the statutory maximum, the principle applied in **Apprendi** applies with equal force to facts increasing the mandatory minimum. This is because it is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime, and it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Thus, this reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.

**Commonwealth v. Conaway**, 105 A.3d 755, 761 (Pa. Super. 2014), *appeal denied*, 118 A.3d 1107 (Pa. 2015) (internal alterations, ellipses, quotation marks, and citations omitted).

**Apprendi** and **Alleyne** apply to all types of punishment, not just imprisonment. **See S. Union Co. v. United States**, 567 U.S. 343, 346-360 (2012). Thus, as our Supreme Court has stated, if registration requirements are punishment, then the facts leading to registration requirements need to be found by the fact-finder chosen by the defendant, be it a judge or a jury, beyond a reasonable doubt. **See Commonwealth v. Lee**, 935 A.2d 865, 880 (Pa. 2007). In **Lee**, our Supreme Court considered whether Megan's Law II's requirement that SVPs register for life violated **Apprendi**. Our Supreme Court stated that defendants only succeeded on their claim

> if [our Supreme Court] accept[s] the premise, which [it had] all but categorically rejected in [its] prior cases, that the registration, notification, and counseling provisions of Megan's Law II [were] punitive in the constitutional sense, thus requiring observance of all the due process protections that

attend criminal prosecution, especially those identified by the [Supreme Court of the United States'] decision in *Apprendi.*

*Id.*[11]

We recognize that our Supreme Court did not consider the ramifications of its decision in *Muniz* with respect to individuals designated as SVPs for crimes committed after SORNA's effective date. Nonetheless, our Supreme Court's holding that registration requirements under SORNA constitute a form of criminal punishment is dispositive of the issue presented in this case. In other words, since our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under *Apprendi* and *Alleyne*, a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,]" 42 Pa.C.S.A. § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny. Accordingly, we are constrained to hold that section

---

[11] In *Muniz*, our Supreme Court recognized that its holding was a major departure from its prior jurisprudence. Our Supreme Court explained this departure by stating that "SORNA is broader in application than previous Megan's Law statutes[.]" *Muniz*, 164 A.3d at 1209 (Dougherty, J., OAJC).

9799.24(e)(3) is unconstitutional and Appellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

As the sole statutory mechanism for SVP designation is constitutionally flawed, there is no longer a legitimate path forward for undertaking adjudications pursuant to section 9799.24. As such, trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism.[12] *Cf. Commonwealth v. Hopkins*, 117 A.3d 247, 258-262 (Pa. 2015) (finding that trial courts cannot impose mandatory minimum sentences until the General Assembly enacts a statute which provides a constitutional mechanism to determine if the defendant is subject to the mandatory minimum sentence). Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a

---

[12] Allowing a jury or the trial court (in a waiver trial) to make an SVP determination during the guilt phase of a trial runs counter to the plain language of section 9799.24(e)(3) of SORNA and raises a myriad of other constitutional concerns. Because of these problems, and because *Muniz* now deems SORNA a punitive statute and no longer a collateral civil consequence of a sex offense conviction, we are constrained to hold that the adjudicative provisions found in section 9799.24(e)(3) are no longer constitutional and not severable from the remainder of the SVP designation framework.

Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.[13]

In sum, we are constrained to hold that section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt. Moreover, we are constrained to hold trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense. We, therefore, vacate the trial court's order of July 25, 2016 which found Appellant to be an SVP and, we remand this case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S.A. § 9799.23 as to Appellant's registration obligation for a period of 15 years. As we reverse the trial court's SVP order, we need not address the issues he raises on appeal, which contest his SVP designation on other grounds.

---

[13] We note that "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses" qualify as a Tier III conviction. 42 Pa.C.S.A. § 9799.14(d)(16).

Order reversed.  Judgment of sentence affirmed in all other respects.

Case remanded.  Jurisdiction relinquished.

Bender, P.J.E. joins this opinion.

Stabile, J. notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2017