J-A16003-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL GORDON JESSUP, | |
| Appellant | No. 2635 EDA 2017 |

Appeal from the Order Entered July 13, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006221-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:            **FILED SEPTEMBER 24, 2018**

Appellant, Michael Gordon Jessup, appeals from the trial court's July 13, 2017 order designating him as a Sexually Violent Predator (SVP) under Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.14-9799.42.  Appellant solely challenges the legality of his SVP status, as well as the sufficiency of the evidence to support his designation as an SVP.  After careful review, we vacate the order deeming Appellant an SVP and remand for further proceedings.

The facts underlying Appellant's conviction are not necessary to our disposition of the issues he presents on appeal.  The trial court summarized the pertinent procedural history of this case, as follows:

> On January 19, 2017, [Appellant] pled guilty to one count of Sexual Abuse of Children stemming from his possession of approximately 800 images of child pornography, a Tier I offense

carrying a fifteen year registration requirement. The same date, he was sentenced to an agreed upon term of 11½ to 23 months' house arrest with a consecutive three year [term of] probation. By Order dated July 13, 2017, the Court found [Appellant] to be a[n SVP], which increased his registration period to lifetime registration. A timely appeal followed. By Order of August 21, 2017, [Appellant] was directed to file a [Pa.R.A.P. 1925(b)] Statement of Issues Complained of On Appeal. [Appellant] … complied with that directive.

Trial Court Opinion, 1/3/18, at 1-2 (footnotes omitted). The trial court issued a Rule 1925(a) opinion on January 3, 2018.

Herein, Appellant first contends that his designation as an SVP is illegal under our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that SORNA's registration provisions constitute criminal punishment that cannot be retroactively applied to a defendant whose crimes were committed prior to SORNA's enactment), and this Court's subsequent holding in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017) (concluding that SORNA's SVP provision, which requires the trial court to determine if an individual is an SVP based on clear and convincing evidence, is unconstitutional under **Alleyne v. United States**, 570 U.S. 99 (2013)). We need not discuss this issue in depth, as it is clear that **Butler** renders Appellant's SVP designation under SORNA illegal.[1] Therefore, we vacate the

_____

[1] We recognize that, while the Commonwealth initially conceded that Appellant's SVP designation is illegal under **Butler**, it subsequently filed a post-submission communication with this Court changing its position. The Commonwealth now maintains that Appellant's SVP designation is legal under newly passed legislation. **See** H.B. 632, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10; H.B. 1952, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 29. However, we decline to address the impact of Act 10 and/or Act 29, as

July 13, 2017 order deeming Appellant an SVP under SORNA, and remand for the trial court to determine, in the first instance, what registration requirements apply to Appellant.[2]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/18

_____

Appellant's SVP designation was not imposed pursuant to either of those acts; instead, it was imposed under the now-unconstitutional SVP provision of SORNA, 42 Pa.C.S. § 9799.24(e)(3).

[2] In light of this decision, we need not address Appellant's alternative argument that the evidence was insufficient to support his SVP designation.