J-S76012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS LEE DAVIS, | |
| Appellant | No. 377 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 11, 2017
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000407-2008

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 28, 2019**

Appellant, Dennis Lee Davis, appeals from the August 11, 2017 judgment of sentence of 18 months' to 5 years' incarceration, imposed after he pled guilty to one count of indecent assault, 18 Pa.C.S. § 3126(a)(3).  On appeal, Appellant solely challenges the legality of his designation as a Sexually Violent Predator (SVP) under Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.14-9799.42.  After careful review, we vacate the judgment of sentence to the extent it deems Appellant an SVP, and remand for further proceedings.

The facts underlying Appellant's conviction are not necessary to our disposition of the issues he presents on appeal.  We need only note that Appellant pled guilty to the above-stated offense and was sentenced on August 11, 2017, to the term of incarceration stated *supra*.  He was also

deemed to be an SVP subject to a lifetime registration requirement under SORNA. Appellant filed a timely post-sentence motion, which was denied following a hearing.

Appellant then filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant set forth the two issues he now raises on appeal, which are as follows:

> 1. Whether, as applied to [] [A]ppellant as part of the judgment of sentence imposed on August 11, 2017, the registration mandates of SORNA … for an offender determined to be a[n SVP] (as the term … is defined at 42 Pa.C.S. § 9799.12), which [] [A]ppellant was determined to be on August 11, 2017, for the offense of … indecent assault in violation of 18 Pa.C.S. § 3126(a)(3), which violation occurred on May 2, 2008, contravene the *ex post facto* clause of the United States Constitution, Article 1, Section 10, and the *ex post facto* clause of the Pennsylvania Constitution, Article 1, Section 17?

> 2. Whether the designation under 42 Pa.C.S. § 9799.24(e)(3) of [] [A]ppellant as a[n SVP] (as the term … is defined at 42 Pa.C.S. § 9799.12) constituted an illegal sentence to the extent that such designation required [] [A]ppellant to register as a[n SVP] for life, thereby increasing the criminal penalty without due process, and contravened [] [A]ppellant's constitutionally-protected rights and privileges, including, but not limited to, the right to a jury trial and the reasonable doubt standard guaranteed by the Sixth Amendment and the Fourteenth Amendment to the United States Constitution and by Article I, Section 6 and Section 9, of the Pennsylvania Constitution, rendering any waiver of a jury trial in [] [Appellant's] guilty plea unknowing and involuntary with respect to determination of [SVP] status by failing to advise [] [Appellant] that the right to a jury trial as applied to such determination?

Appellant's Brief at 6-7.

On July 10, 2018, the trial court sent this Court a letter, in lieu of a Rule 1925(a) opinion, conceding that Appellant's SVP designation is illegal under our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that SORNA's registration provisions constitute criminal punishment that cannot be retroactively applied to a defendant whose crimes were committed prior to SORNA's enactment), and this Court's subsequent holding in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017) (concluding that SORNA's SVP provision, which requires the trial court to determine if an individual is an SVP based on clear and convincing evidence, is unconstitutional under **Alleyne v. United States**, 570 U.S. 99 (2013)).[1] **See** Trial Court Letter, 1/10/18, at 1-2 (unnumbered).

We need not discuss Appellant's issues in depth, as it is clear that **Butler** renders his SVP designation under SORNA illegal, as the trial court acknowledges. Therefore, we vacate Appellant's August 11, 2017 sentence to the extent that it designates him an SVP under SORNA, and we remand for the trial court to determine what, if any, registration requirements apply to Appellant.

_____

[1] Following **Muniz** and **Butler**, the Pennsylvania General Assembly enacted legislation to amend SORNA. **See** Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA, and it also added several new sections found at 42 Pa.C.S. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania recently signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. **See** Act of June 12, 2018, P.L. 1952, No. 29. These modifications do not apply to Appellant's SVP designation, however, which the trial court imposed in 2017 under the original SORNA.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2019