J-S20019-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM RONALD BUTCHER | : | |
| | : | |
| Appellant | : | No. 1161 WDA 2018 |

Appeal from the PCRA Order Entered January 5, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003437-2016

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    FILED JUNE 5, 2019

William Ronald Butcher appeals from the order granting in part and denying in part his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because Butcher was sentenced following a conviction for failure to comply with registration requirements[1] of the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41, effective December 2012 ("SORNA I"),[2] at a time when SORNA I did not apply to him, he is entitled to relief. We therefore reverse the order of the PCRA court.

_____

[1] 18 Pa.C.S.A. § 4915.1.

[2] SORNA was amended by Act of February 21, 2018, P.L. 27 (Act 10). Act of June 12, 2018, P.L. 140 (Act 29) reenacted and amended various provisions of Act 10. We refer to Act 10 and Act 29 as SORNA II.

On May 7, 2008, Butcher was convicted of rape, criminal attempt (rape), and indecent assault.[3] The trial court sentenced Butcher to 60 to 120 months' incarceration.

On December 21, 2016, Butcher pled guilty to failing to comply with the registration requirements of SORNA I in June 2016. On February 6, 2017, the trial court sentenced Butcher to 12 to 24 months' incarceration and ordered that the sentence would be served consecutive to a sentence imposed at a separate docket in a different county.

On August 21, 2017, Butcher filed a timely pro se PCRA petition alleging that his conviction and sentence for failure to register were unconstitutional based on Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), cert. denied sub nom. Pennsylvania v. Muniz, 138 S.Ct. 925 (2018). He claimed he was entitled to relief because SORNA I changed the grading of his failure to comply with registration conviction from a felony 2 to a felony 3. He requested a "reduction of sentence consistent with the recent decision in Muniz, as the offense grading has been downgraded." PCRA Petition, filed Aug. 21, 2017, at ¶ 16.

The PCRA court appointed counsel, who filed a Supplement to Motion for Post Conviction Collateral Relief. Counsel stated that, based on Muniz, Butcher "sought the reduction of the grading or dismissal of the criminal charge to which he was found guilty and the concomitant modification of

_____

[3] 18 Pa.C.S.A. §§ 3121(a)(3), 901(a), and 3126(a)(4), respectively.

sentence." Supplement to Motion for Post Conviction Collateral Relief, filed Oct. 18, 2017.

The PCRA court issued a Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907. It found Butcher failed to state a meritorious claim. The PCRA court noted that Butcher challenged the grading of the conviction and that "[n]otably, [Butcher] does not challenge the imposition of a lifetime registration or any of the enhanced reporting procedures enumerated under SORNA [I]. [Butcher] only seeks to be resentenced consistent with an offense grading of a felony of the third degree rather than a felony of the second degree[.]" Notice at 2. The PCRA court found that SORNA I did not elevate the offense grading for failure to register for an individual subject to lifetime registration and that Muniz "[did] not warrant fashioning a new sentence as [Butcher] requests." Id.[4]

Following reinstatement of his right to file an appeal from the dismissal of his PCRA petition, Butcher filed a timely Notice of Appeal.

Butcher raises the following issue:

> A. Whether the lower Court erred in failing to abide by the
> holding in Commonwealth v. Muniz as a legal predicate
> to challenge the conviction for failure to register in this case

_____

[4] The PCRA court also held that "in accordance with the Supreme Court's decision in Muniz and the guidance provided by the Superior Court in [Commonwealth v. Harkins, No. 66 WDA 2017, 2017 WL 3574399 (Pa.Super. filed Aug. 18, 2017) (unpublished memorandum)], it is hereby ordered that SORNA [I]'s enhanced requirements shall not be retroactively applied to [Butcher's] 2008 sentence, as he was convicted of a sexual offense and sentenced prior to the enactment of SORNA [I] in 2012." Notice of Intent at 6.

and compel the expungement of said conviction and the lapsing of the judgment of sentence and the reversal of any sanction imposed upon the appellant under SORNA [I] including any sexually violent predator designation?

Butcher's Br. at 2.

In the issue presented, Butcher challenges his conviction for failure to register and requests the expungement of the conviction. However, before the PCRA court and in the argument section of his brief, Butcher challenged the offense grading of his conviction.

We find that we need not reach whether the grading of the offense requires reversal. Rather, we conclude that his sentence for the conviction for failure to comply with the registration requirements of SORNA I is unconstitutional.

Although Butcher challenged the grading of the conviction, rather than the ability to impose a sentence for the conviction itself, we may raise the legality of his sentence sua sponte. See Commonwealth v. Butler, 173 A.3d 1212, 1213 (Pa.Super. 2017) (finding this Court may raise the issue of whether Muniz made sentence illegal sua sponte), pet. for allowance of appeal granted 190 A.3d 581 (Pa. 2018); Commonwealth v. Wood, --- A.3d ----, 2019 PA Super 117, at *6 (Pa.Super. filed Apr. 15, 2019) (en banc) (noting appellant was convicted for failing to comply with registration requirements under SORNA and that he argued his sentence for failing to comply was illegal pursuant to Muniz and concluding that application of SORNA to him violated the ex post facto clause because it inflicted greater punishment than law in effect at time he committed underlying crime);

Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678-79 (Pa.Super. 2017) (noting Muniz decided while appellant's case was on appeal from denial of collateral relief, and nearly two years after counsel filed PCRA petition, and remanding to allow petitioner to argue he was entitled to relief from his failure to register conviction following Muniz).

We recently reversed a conviction for failure to register where Muniz precluded any finding of a duty to register. See Wood, 2019 PA Super 117, at *1. In Woods, the appellant had pled guilty to one count of statutory sexual assault for a crime that he committed prior to December 2012. Id. In June 2017, the appellant pled guilty to failure to comply with registration requirements. Id. at *2. The court sentenced the appellant to 1½ to five years' imprisonment. Id. Weeks later, in July 2017, the Pennsylvania Supreme Court issued its decision in Muniz, which "found SORNA [I] to be punitive in nature and held that retroactive application of the registration and reporting requirements of SORNA [I] violated the ex post facto clauses of the United States and Pennsylvania constitutions." Id. We concluded that, because Wood committed the underlying crime before SORNA I's effective date, application of SORNA I's registration and reporting requirements to him "violated ex post facto prohibitions." Id. at *7. Because the conviction for failure to register was based on a violation of "retroactively applied registration requirements under SORNA [I], and because such retroactive application of SORNA [I] [wa]s unconstitutional under Muniz," we reversed the appellant's conviction for failure to register and vacated that judgment of sentence. Id., at *8.

Here, similar to the appellant in Wood, Butcher's underlying conviction was for a crime he committed prior to December 2012. Therefore, his 2016 conviction for failure to comply with registration requirements was based on a violation of "retroactively applied registration requirements under SORNA [I]." Wood, 2019 PA Super 117, at *8. Because the retroactive application of SORNA I is unconstitutional under Muniz, his conviction and sentence for failure to register cannot stand.

Further, when SORNA I became effective in 2012, Megan's Law III was no longer effective. See Commonwealth v. Derhammer, 173 A.3d 723, 726 (Pa. 2017) ("As noted, Megan's Law III expired and was replaced by SORNA [I.]"). Therefore, Butcher could not have been convicted in 2016 for failing to register under Megan's Law III. In addition, although SORNA I has been amended to require registration of certain individuals convicted of crimes committed between 1996 and 2012, the amended version, SORNA II, which became effective in 2018, cannot save the 2016 conviction.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2019

- 6 -