J-A15011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS THOMPSON, | |
| Appellant | No. 2774 EDA 2016 |

Appeal from the Judgment of Sentence Entered May 23, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001420-2012

BEFORE:  BENDER, P.J.E., GANTMAN, P.J.E., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 12, 2019**

Appellant, Carlos Thompson, appeals from the May 23, 2016 judgment of sentence of 10 years' probation, plus lifetime registration as a Sexually Violent Predator (SVP) under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42.[1]  After careful review, we

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), SORNA was deemed punitive and unconstitutional, to the extent it violates the *ex post facto* clauses of both the United States and Pennsylvania Constitutions.  In light of **Muniz**, this Court held in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *allowance of appeal granted*, 190 A.3d 581 (Pa. 2018), that the SVP designation mechanism set forth in SORNA is unconstitutional in light of **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United States**, 570 U.S. 99 (2013).

Following **Muniz** and **Butler**, the Pennsylvania General Assembly enacted legislation to amend SORNA.  **See** Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10").  Act 10 amended several provisions of

vacate Appellant's judgment of sentence to the extent it designates him an SVP, and remand for further proceedings.

The trial court set forth the facts and procedural history of this case (including an explanation for delays during the pendency of this appeal) in its Pa.R.A.P. 1925(a) opinion filed on August 10, 2018. **See** Trial Court Opinion (TCO), 8/10/18, at 1-3. In Appellant's brief to this Court, he presents two issues for our review:

> A. Did the trial court err when it granted the Commonwealth's motion to admit prior bad acts evidence pursuant to Pa.R.E. 404(b), as the probative value of this evidence was outweighed by its prejudicial effect?
>
> B. Did the trial court err, at sentencing, when it found, by clear and convincing evidence, that Appellant … met the criteria for a "Sexually Violent Predator?"

Appellant's Brief at 2.

In assessing Appellant's two claims, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have considered the August 10, 2018 opinion of the Honorable Donna M. Woelpper of the Court of Common Pleas of Philadelphia County. We conclude that Judge Woelpper's well-reasoned opinion accurately disposes of the first issue

---

> SORNA, and also added several new sections found at 42 Pa.C.S.[] §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. **See** Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29").

**Commonwealth v. Alston**, -- A.3d --, 2019 PA Super 178 (filed June 6, 2019).

presented by Appellant, in which he challenges the court's admission of prior-bad-acts evidence. **See** TCO at 4-7. Consequently, we adopt Judge Woelpper's rationale on this issue as our own, and conclude that Appellant is not entitled to relief.

In Appellant's second claim, he attacks the sufficiency of the evidence to sustain his SVP designation, as well as the legality thereof. In her opinion, Judge Woelpper properly deems Appellant's SVP designation under SORNA illegal pursuant to **Butler** and **Muniz**. **See** TCO at 7-8. Accordingly, we also adopt that portion of Judge Woelpper's decision as our own and vacate Appellant's sentence to the extent that it designates him an SVP under the prior version of SORNA. We remand for the trial court to determine what, if any, registration requirements apply to Appellant, and to provide him proper notice thereof.[2]

Judgment of sentence affirmed in part, vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19

---

[2] On June 24, 2019, the Commonwealth filed an Application to Seal the Certified Record in this case. We grant that application and hereby order that the record be sealed.

- 3 -