J-S01038-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HECTOR G. GONZALES, | : | |
| | : | |
| Appellant | : | No. 930 EDA 2018 |

Appeal from the Judgment of Sentence March 15, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013381-2013

BEFORE:    BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:           **FILED FEBRUARY 25, 2020**

Hector G. Gonzales (Appellant) appeals from the March 15, 2018 judgment of sentence following remand from this Court, which, *inter alia*, designated Appellant a sexually violent predator (SVP).  Upon review, we vacate in part and affirm in part.

This Court previously detailed the underlying facts of this case, wherein Appellant accosted two women, C.Q. and M.R., and attempted to rape M.R.  *See Commonwealth v. Gonzales*, 181 A.3d 433 (Pa. Super. 2017) (unpublished memorandum at 2-5) (quoting Trial Court Opinion, 11/16/2016, at 4-7).  Appellant was charged at docket 13381-2013 for the offenses against M.R., and at docket 13380-2013 for the offenses against C.Q.  Following a jury trial, Appellant was convicted of attempted rape by forcible compulsion, attempted involuntary deviate sexual intercourse (IDSI)

---

*Retired Senior Judge assigned to the Superior Court.

by forcible compulsion, unlawful restraint – serious bodily injury, indecent exposure, and indecent assault by forcible compulsion. "Following the preparation of a presentence report and mental health evaluation, a combined sentencing and [SVP] hearing was conducted on July 31, 2015. At the conclusion thereof, the court imposed an aggregate sentence of 21 to 42 years' incarceration, and determined that Appellant is an SVP." *Id.* (unpublished memorandum at 5).

On direct appeal to this Court, we *sua sponte* vacated the portion of Appellant's sentencing order deeming him an SVP. Specifically, this Court held as follows.

> In **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that the registration requirements under SORNA[1] constitute criminal punishment, thus overturning prior decisions deeming those registration requirements civil in nature. *Id.* at 1218. On October 31, 2017, this Court ruled that,

> > since our Supreme Court has held [in **Muniz**] that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000),] and **Alleyne** [**v. United States**, 570 U.S. 99 (2013)], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,]" 42 Pa.C.S.[] § 9799.12, that increases the length of registration[,] must be found beyond a reasonable doubt by the chosen fact-finder. S[ubs]ection 9799.24(e)(3) identifies the trial court as the finder

---

[1] Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41. The prior versions of the statute governing sex offender registration were referred to colloquially as Megan's Law.

of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny.

[*Commonwealth v.* ]*Butler*, [173 A.3d 1212, 1217-18 (Pa. Super. 2017)[2]]. Accordingly, the *Butler* panel held that 42 Pa.C.S. § 9799.24(e)(3) is unconstitutional. *Id.* at [1218]. In light of *Butler*, we are compelled to conclude that the portion of Appellant's sentencing order deeming him an SVP is illegal. *See id.*[] Accordingly, we vacate only that aspect of Appellant's judgment of sentence, and remand his case for the trial court to determine under what tier of SORNA Appellant must register, and to provide him with the appropriate notice of his registration obligations under 42 Pa.C.S. § 9799.23. *See id.*[]

*Gonzales*, 181 A.3d 433 (unpublished memorandum at 10).

On remand, the trial court held an evidentiary hearing on March 15, 2018.[3] The trial court followed our directive in notifying Appellant that he was subject to Tier III registration based upon his convictions, but went one step further and again found Appellant to be an SVP. N.T., 3/15/2018, at 21-22.

[The trial] court incorporated into the record the Megan's Law Assessment Evidentiary Hearing held before [the trial] court on July 31, 2015 (which found that Appellant has a mental abnormality personality disorder that makes him likely to engage in predatory sexual violent offenses and that it [] should increase the length and breadth of his registration requirements) and marked it as Exhibit 1. After reviewing all submissions and

---

[2] Our Supreme Court has granted the Commonwealth's petition for allowance of appeal. *Commonwealth v. Butler*, 190 A.3d 581 (Pa. 2018).

[3] Prior to this hearing, Appellant filed a petition for allowance of appeal with our Supreme Court. On May 14, 2018, our Supreme Court denied that petition. *Commonwealth v. Gonzales*, 185 A.3d 964 (Pa. 2018).

documentation regarding Appellant[,] including the psychiatric report, the presentence investigative report, and notice of registration; hearing from both the Commonwealth and defense counsel[;] and in light of the current law found at 42 Pa.C.S.[] § 9799.15, th[e trial] court found beyond a reasonable doubt that Appellant not only qualified as a Tier III lifetime registr[ant], but that he also was a[n SVP] as defined within the current statute; he was to be given notice of th[e trial] court's findings (he was present in the courtroom and received notice) and he was to register consistent with the requirements of [an SVP].

Trial Court Opinion, 6/26/2019, at 1-2 (unnecessary capitalization and footnote omitted).

This timely-filed appeal followed.[4] On appeal, Appellant contends the trial court imposed an illegal sentence by again designating him an SVP. Appellant's Brief at 2-5. The Commonwealth agrees. Commonwealth's Brief at 5-6.

The trial court relies on House Bill 631 to justify its SVP finding on remand. According to the trial court, its hearing on remand would have stopped at this Court's directive to determine Appellant's registration tier "but for the legislatures' [*sic*] intervention in enacting House Bill 631[.]" Trial Court Opinion, 6/26/2019, at 3. The trial court describes House Bill 631 as a "Megan's Law 'fix.'" ***Id.***

The trial court is correct that the Pennsylvania Legislature has endeavored to resolve the issues raised in ***Muniz*** and ***Butler*** by passing a new law to replace the invalidated portions of SORNA. After this Court's

---

[4] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

directive remanding Appellant's case to the trial court, but prior to his remand hearing, House Bill 631 amended SORNA. **See** Act 10 of 2018.[5] However, the Act 10 amendments still utilized subsection 9799.24(e)(3) for determining whether a defendant should be designated as an SVP. This is the same subsection found to be unconstitutional by the **Butler** Court. Thus, the trial court's designation of Appellant as an SVP pursuant to subsection 9799.24(e)(3) on remand is in direct contravention of this Court's vacating Appellant's designation as an SVP on direct appeal pursuant to **Butler**'s finding subsection 9799.24(e)(3) unconstitutional.

The trial court attempts to circumvent its clear violation of **Butler** by stating that it made its determination "beyond a reasonable doubt as the fact finder, who is the same jurist who oversaw the jury trial at issue." Trial Court Opinion, 6/26/2019, at 6 n.5 (quoting N.T., 3/15/2018, at 22). This argument ignores the holding in **Butler** that a factual finding "that increases

---

[5] After Appellant's remand hearing, and "[i]n direct response to **Muniz** and **Butler**, our General Assembly passed SORNA II[, Act 29 of 2018], which became effective on June 12, 2018. **See** 42 Pa.C.S. § 9799.51(d)(4) (indicating the "intention of the General Assembly" to "[a]ddress the Pennsylvania Supreme Court's decision in ... **Muniz**..., and the Pennsylvania Superior Court's decision in ... **Butler**....")." **Commonwealth v. Cosby**, ___ A.3d ___, 2019 WL 6711477, at *44 (Pa. Super. 2019). SORNA II includes, *inter alia*, a new provision for assessing SVP status, **see** 42 Pa.C.S. § 9799.58, but still employs the same requirement that the court need only determine that the defendant is an SVP by clear and convincing evidence. 42 Pa.C.S. § 9799.58(e)(3). The constitutionality of SORNA II as a whole is currently before our Supreme Court in **Commonwealth v. Lacombe**, 35 MAP 2018 (Pa. 2018). We do not address SORNA II herein as the trial court designated Appellant as an SVP on remand pursuant to Act 10, not Act 29.

the length of registration must be found beyond a reasonable doubt by the chosen fact-finder." **Butler**, 173 A.3d at 1217. Appellant's chosen fact-finder was a jury. Accordingly, we agree with Appellant and the Commonwealth that Appellant's designation as an SVP is illegal.

This Court again vacates the portion of Appellant's sentencing order designating him an SVP. Because Appellant's Tier III status is based upon his convictions, and he received notice of those registration requirements following our prior remand, we need not remand again.[6]

SVP order vacated. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/20

---

[6] We note that neither Appellant nor the Commonwealth has requested remand as part of Appellant's relief.