J-S11043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT M. GARBER, | : | |
| | : | |
| Appellant | : | No. 1470 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 25, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0002279-2018

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 25, 2020**

Robert M. Garber ("Garber") appeals from the judgment of sentence imposed following his conviction of indecent assault.[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural history as follows:

> [Garber] was charged with one count of [i]ndecent [a]ssault under 18 Pa.C.S.A. § 3126(a)(1) (relating to non-consensual indecent contact), a misdemeanor of the second degree, with an offense date of August 21, 2018.  The case went to a jury trial and the jury returned a guilty verdict on the one count on May 22, 2019.
>
> Appellant was sentenced on September 5, 2019, to, *inter alia*, twenty-four months of probation. … Appellant then filed a timely Notice of Appeal from his sentence.  Pursuant to [the trial court's] Order, [Garber] filed a [Pa.R.A.P. 1925(b) Concise] Statement of [e]rrors [c]omplained of on [a]ppeal.

_____

[1] **See** 18 Pa.C.S.A. § 3126(a)(1).

Trial Court Opinion, 11/22/19, at 1-2 (citations to record, paragraph break

and some italics omitted).

On appeal, Garber raises the following questions for our review:

1. Should this Court determine [that the Sex Offender and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.42, 9799.51-9799.75 ("SORNA II"),[2] is] unconstitutional and strike the requirements thereof as they apply to [] Garber?

2. Should this Court strike the 15[-]year SORNA [II] registration requirement imposed upon [] Garber on grounds that it is tantamount to a probationary sentence 13 years beyond his maximum sentence term?

3. Is the requirement of a 15[-]year registration for an [i]ndecent [a]ssault (M-2) charge cruel punishment under Article I[,] Section 13 of the Pennsylvania[] Constitution and the 8th Amendment to the United States Constitution?

4. Does the 15[-]year registration requirement in this case violate [] Garber's rights under Article I[,] Section I of the Pennsylvania[] Constitution, which guarantees [] Garber the right of protection of his reputation?

Brief for Appellant at 9-10 (footnote added).

In each of Garber's four claims, he challenges his 15-year registration

requirement pursuant to SORNA II.

We consider [an a]ppellant's claims, mindful that lawfully enacted statutes are presumptively constitutional. A constitutional challenge presents a question of law. Thus, our standard of review is *de novo*, and our scope of review is plenary.

---

[2] SORNA II resulted from several amendments and additions to its precursor, SORNA. **See** 42 Pa.C.S.A. §§ 9799.10-9799.41 (amended by Act of Feb. 21 2018, P.L. 27, No. 10 and Act of June 12, 2018, P.L. 1952, No. 29.

*Commonwealth v. Moore*, 222 A.3d 16, 19 (Pa. Super. 2019) (citations and brackets omitted).

In his first claim, Garber alleges that "the entire statutory registration scheme under SORNA II is unconstitutional." *See* Brief for Appellant at 13. Garber cites to our holdings in *Moore*, *supra*, and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), and to *Commonwealth v. Lacombe*, 35 MAP 2018 (Pa. 2018), which was awaiting a decision by our Supreme Court when Garber submitted his brief.

In his second claim, Garber alleges that his sentence is illegal, because SORNA II's registration requirement is tantamount to a probationary sentence. *See* Brief for Appellant at 14. Garber cites *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), for the proposition that SORNA is punitive in nature, and argues that his registration requirement runs 13 years past his probationary sentence, in excess of the maximum sentence allowed for his conviction of indecent assault. *Id.*

In his third claim, Garber alleges that his 15-year registration requirement constitutes cruel and unusual punishment under the Pennsylvania and United States Constitutions. *See id.* at 15-16. Garber argues that his registration requirement for indecent assault is excessive because indecent assault does not cause injury to the victim, and SORNA II's registration requirements "expose the offender to 'profound humiliation and

community-wide ostracism.'" ***Id.*** at 16 (citing ***Smith v. Doe***, 538 U.S. 84, 115 (2002)).

In his fourth claim, Garber alleges that the 15-year registration requirement violates his right to protection of his reputation under Article I, Section I of the Pennsylvania Constitution. ***See*** Brief for Appellant at 17. Garber argues that the 15-year registration requirement is not "commensurate with" his crime. ***Id.***

In each of his claims, Garber makes bald allegations that SORNA II is unconstitutional, without presenting any legal argument in support of his claims. Garber cites to cases where SORNA and SORNA II have been challenged, ***see*** Brief for Appellant at 13-14 (citing ***Moore***, ***Butler***, ***Lacombe***, and ***Muniz***), and cases that broadly discuss an individual's personal freedoms, ***see*** Brief for Appellant at 16 (citing ***Smith v. Doe***, 538 U.S. at 115), 17 (citing ***Sprague v. Walter***, 543 A.2d 1078, 1084 (Pa. 1988), but fails to discuss how these cases relate to Garber and his claims. "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119. While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." ***Commonwealth v. Freeman***, 128 A.3d

1231, 1249 (Pa. Super. 2015) (citations and quotation marks omitted).

Accordingly, each of Garber's claims is waived.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/25/2020

---

[3] Garber's counseled appellate brief is particularly scant on legal argument. Notably, Garber states that he "wishes to preserve" his claims that SORNA II is unconstitutional, in light of the various cases that are pending before our Supreme Court.  *See* Brief for Appellant at 13, 14.  To the extent that Garber was relying on the Pennsylvania Supreme Court's review of our holding in *Butler*, *supra*, we note that the court has recently issued its opinion, which held that SORNA II's registration, notification, and counseling ("RNC") requirements are constitutional as applied to sexually violent predators.  *See Commonwealth v. Butler*, 2020 WL 1466299 at **15-16, ___ A.3d ___ (Pa. Mar. 26, 2020).  Thus, even if Garber specifically challenged the constitutionality based upon *Butler*, it would provide Garber no relief.  We are unable to discern any other specific bases upon which Garber challenges the constitutionality of SORNA II as applied to his case.