J-S25010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM E. WEBSTER, III | : | |
| | : | |
| Appellant | : | No. 2157 EDA 2020 |

Appeal from the Order Entered October 7, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002085-2006

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: Filed: September 9, 2021

Appellant, William E. Webster, III, appeals *pro se* from the trial court's October 7, 2020 order denying his petition for writ of *habeas corpus*, in which he challenged the legality of his sex-offender registration requirements under Subchapter I of the Sexual Offender Registration and Notification Act ("SORNA II").[1] After careful review, we affirm.

Briefly, on October 31, 2006, Appellant was convicted by a jury of rape, 18 Pa.C.S. § 3121(a)(3), and indecent assault, 18 Pa.C.S. § 3126(a)(4). He was sentenced on February 20, 2007, to an aggregate term of 10 to 20 years' incarceration. Appellant filed an appeal from his judgment of sentence, but

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.10-9799.42 and 42 Pa.C.S. §§ 9799.51-9799.75, respectively.

he later withdrew that appeal. Appellant then filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, seeking to preclude application of the prior version of SORNA ("SORNA I") on the grounds that it was invalidated by our Supreme Court in **Commonwealth v. Muniz**, 164 A.3d 1189, 1223 (Pa. 2017) (holding that the registration requirements of Subchapter H of SORNA I, as applied retroactively, were punitive under the seven-factor test set forth by the United States Supreme Court in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963), and thus, SORNA I was unconstitutional under the *ex post facto* clauses of the United States and Pennsylvania Constitutions).[2] The PCRA court denied Appellant's petition, and this Court affirmed on appeal. **See Commonwealth v. Webster**, 1003 EDA

---

[2] In response to **Muniz** and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017) (holding that the statutory mechanism for designating a defendant a sexually violent predator under SORNA I violated the United States Supreme Court's decisions in **Alleyne v. U.S.**, 570 U.S. 99 (2013), and **Apprendi v. New Jersey**, 530 U.S. 466 (2000)), the Pennsylvania General Assembly amended SORNA I by enacting Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are collectively known as SORNA II. **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29 ("Act 29"). SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, which applies to an offender who committed a sexually violent offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to an individual who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired. Pursuant to SORNA II, Appellant's rape and indecent assault convictions became Subchapter I offenses requiring lifetime registration, and 10-year registration, respectively. **See** 42 Pa.C.S. § 9799.55.

2018, unpublished memorandum (Pa. Super. filed April 9, 2019), *appeal denied*, 223 A.3d 239 (Pa. 2020).

On August 10, 2020, Appellant filed the *pro se* petition for writ of *habeas corpus* underlying the present appeal. Therein, he again sought to bar his sex-offender registration requirements, arguing that his registration obligation under SORNA I expired when the United States Supreme Court denied *certiorari* in **Muniz** on January 22, 2018. **See Pennsylvania v. Muniz**, 138 S.Ct. 925 (2018). On August 27, 2020, the court issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, which applies to petitions filed under the PCRA. Appellant filed a *pro se* response, correctly observing that our Supreme Court in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), held that the PCRA is not the exclusive method for challenging sex-offender registration requirements. **See id.** at 618. On October 7, 2020, the trial court denied Appellant's petition for writ of *habeas corpus* on the merits. **See** Trial Court Order, 10/7/20, at 2 (unnumbered). Appellant filed a timely, *pro se* notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on January 6, 2021.

Herein, Appellant states three issues for our review, which we reproduce *verbatim*:

> (A)- Whether, the Retroactive Application of (Subchapter I) Act-10 and Act-29 of 2018, can apply Retroactively to the Appellant, where on December 20th of 2012, the Version of Megan's Law that

required the Appellant to Register as a Sexual Offender expired, and following the invalidation in Commonwealth vs Muniz; 164 A.3d 1189 PA. 2017, by the Supreme Court of the United States denial of Certiorari review on January 22nd 2018, there was no over lapping law that could require the Appellant to be subject to the Retroactive Application of (Subchapter I)

(B)- Whether the Prior version of Megan's Law 3, pursuant to Act 152 of 2004, can apply moving forward to invoke Registration requirements on the Appellant.

(C)- Whether the imposed Registration Requirements pursuant to Megan's Law 3, can apply to Appellant.

Appellant's Brief at 5 (unnumbered).

Appellant's issues are related and, thus, we will address them together. Appellant contends that SORNA II cannot be applied to him, as his registration requirements expired when the invalidation of SORNA I was finalized by the United States Supreme Court's denial of *certiorari* in **Muniz**. He also claims that Megan's Law, the sex-offender registration requirements in effect prior to SORNA I, expired with SORNA I's enactment on December 20, 2012, and, thus, no registration requirements apply to him.

Appellant's arguments are meritless. As our Supreme Court recognized in **Lacombe**, the sex-offender "registration period does not begin until registrants are released from prison…." **Lacombe**, 234 A.3d at 618. Appellant acknowledged in his petition for writ of *habeas corpus* that he is still incarcerated for his present convictions. **See** *Pro Se* Petition, 8/10/20, at 1 (unnumbered). Thus, his registration requirements have not expired and, upon his release, he will be subject to Subchapter I of SORNA II. In **Lacombe**, our Supreme Court held that the registration requirements in Subchapter I of

SORNA II do not constitute criminal punishment. **Lacombe**, 234 A.3d at 626. Accordingly, the registration requirements set forth in Subchapter I may be retroactively applied to Appellant.

Order affirmed.

Judge McLaughlin joins this memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/21