J-S58017-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTORIA MARIE POLING | : | |
| | : | |
| Appellant | : | No. 361 WDA 2019 |

Appeal from the PCRA Order Entered February 20, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001081-2016

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.: FILED JANUARY 7, 2020

Appellant, Victoria Marie Poling, appeals from the post-conviction court's February 20, 2019 order, denying her timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. While we agree with the court's disposition with respect to Appellant's petition, we are compelled to vacate its order, reverse in part her judgment of sentence, and remand due to Appellant's now illegal designation as a Sexually Violent Predator (SVP) under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.

We need not reiterate the procedural history and factual background of this case, as the PCRA court set forth a comprehensive summary of both in its May 9, 2019 opinion pursuant to Pa.R.A.P. 1925(a). See PCRA Court Opinion (PCO), 5/9/2019, at 1-3. Presently, Appellant raises three issues for our review:

1. Whether the PCRA court erred as a matter of law or abused its discretion[] when finding that counsel was not ineffective when trial counsel did not explain the requirements of SORNA[,]thus [Appellant] did not enter the plea knowingly or intelligently.

2. Whether the PCRA court erred as a matter of law or abused its discretion[] when finding that counsel was not ineffective when trial counsel failed to disclose discovery to [Appellant].

3. Whether the PCRA court erred as a matter of law or abused its discretion[] when finding that counsel was not ineffective when trial counsel failed to prepare [Appellant] for sentencing and [did not] advis[e] her that she could submit letters on her behalf to the sentencing court.

Appellant's Brief at 5.

We have reviewed the thorough and well-reasoned opinion issued by the Honorable Robert G. Yeatts, President Judge of the Court of Common Pleas of Mercer County. We conclude that Judge Yeatts's opinion accurately and thoroughly disposes of the issues raised by Appellant. Accordingly, we adopt his opinion as our own with respect to the issues Appellant raises on appeal.

However, we must sua sponte reverse Appellant's designation as an SVP under SORNA. In Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that the registration requirements under SORNA are punitive, thus overturning prior decisions deeming those registration requirements civil in nature. Id. at 1218. Subsequently, this Court ruled that,

since our Supreme Court has held [in Muniz] that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under Apprendi [v. New Jersey, 530 U.S. 466 (2000),] and Alleyne [v. United States, 133 S.Ct. 2151, 2163 (2013) ], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,]" 42 Pa.C.S.[ ] § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the

chosen fact-finder. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny.

Commonwealth v. Butler, 173 A.3d 1212, 1217–18 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018). Accordingly, the Butler panel held that 42 Pa.C.S. § 9799.24(e)(3) is unconstitutional. Id. at 1218.[1,2]

In light of Butler, we are compelled to conclude that Appellant's sentence is illegal to the extent that it deems her an SVP under SORNA. See id. Accordingly, we vacate the PCRA court's order, reverse the portion of Appellant's judgment of sentence deeming her an SVP under SORNA, and remand her case for the court to determine what, if any, registration requirements apply to Appellant.

Order vacated. Judgment of sentence reversed in part. Case remanded. Jurisdiction relinquished.

---

[1] We recognize the Pennsylvania Supreme Court has granted allowance of appeal in Butler. However, until the Supreme Court reaches a decision, Butler remains binding authority.

[2] Following Muniz and Butler, the Pennsylvania General Assembly enacted legislation to amend SORNA. See Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania subsequently signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. See Act of June 12, 2018, P.L. 1952, No. 29. These modifications do not apply to Appellant's SVP designation, however, which the trial court imposed in 2017.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/2020

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

1081 CRIMINAL 2016

v.

VICTORIA MARIE POLING,
Defendant.

### 1925(a) OPINION

**YEATTS, J.**

Defendant Victoria Marie Poling ("Defendant") has appealed to the Superior Court of Pennsylvania this Court's February 19th, 2019, Order denying Defendant's Petition for Post-Conviction Collateral Relief. This Court here by enters the following opinion in accordance with Pa.R.A.P. 1925(a).

### FACTUAL BACKGORUND AND PROCEDURAL HISTORY

In 2016, Defendant was charged with various sexual assaults, including multiple counts of Rape, Involuntary Deviate Sexual Intercourse ("IDSI"), Criminal Conspiracy – Rape, Criminal Conspiracy – IDSI, Sexual Assault, Aggravated Indecent Assault, and Indecent Assault. On or about January 9th, 2017, Defendant entered a plea of guilty to one count of IDSI regarding a victim less than thirteen (13) years of age[1], one count of Criminal

---

[1] In violation of 18 Pa.C.S.A. §3123(b)

Appendix C

Conspiracy to commit IDSI regarding a victim less than thirteen (13) years of age[2]. Defendant also entered a plea of No Contest to one count of IDSI regarding a victim less than thirteen (13) years of age[3], and one count of Criminal Conspiracy to Commit IDSI regarding a victim less than thirteen (13) years of age[4]. The victims in this case were Defendant's daughters. Pursuant to Defendant's plea agreement and upon motion of the Commonwealth, the balance of the charges were *nol prossed.*[5] Defendant waived her speedy sentencing rights and agreed to cooperate with the Commonwealth regarding the Co-Defendant in this matter.

On May 15th, 2017, Defendant had a sexually violent predator hearing, followed by a SORNA hearing, followed by sentencing. Defendant was found to be a sexually violent predator and the court conducted the SORNA colloquy with the Defendant on the record. Defendant was then sentenced to a total of thirty-five (35) to seventy (70) years in a state correctional facility consecutive to any outstanding sentence with 340 days credit. Defendant filed a motion to reconsider or modify sentence on May 24th, 2017 and after a hearing on September 8th, 2017, this Court denied Defendant's motion.

On June, 20th, 2018, Defendant timely filed a *pro* se Motion for Post-Conviction Collateral Relief. On October 29th, 2018, through Court appointed counsel, Defendant

---

[2] In violation of 18 Pa.C.S.A. §903 to commit §3123(b)
[3] In violation of 18 Pa.C.S.A. §3123(b)
[4] In violation of 18 Pa.C.S.A. §903 to commit §3123(b)
[5] As a part of the plea agreement, the Commonwealth recommended a minimum sentence between twenty-two (22) and thirty-seven and a half (37.5) years, leaving the exact amount to be determined by the Court based on the Defendant's cooperation with the Commonwealth.

filed an amended post-conviction relief act petition requesting an evidentiary hearing. A hearing was held on February 19th, 2019, and after the taking of testimony and hearing the parties' arguments, this Court made findings of fact on the record and denied Defendant's Petition for Post-Conviction relief. Defendant timely filed a Notice of Appeal on March 1st, 2019 and a Concise Statement of Matters Complained of on Appeal on March 22nd, 2019.

## DISCUSSION

The Defendant raises the following issues on appeal:

1. Whether the PCRA court erred as a matter of law or abused its discretion, when finding that counsel was not ineffective when trial counsel did not explain the requirments [sic] of SORNA thus the petitioner did not enter the plea knowingly or intelligently.
2. Whether the PCRA court erred as a matter of law or abused its discretion, when finding that counsel was not ineffective when trial counsel failed to disclose discovery to the petitioner.
3. Whether the PCRA court erred as a matter of law or abused its discretion, when finding that counsel was not ineffective when trial counsel failed to prepare the petitioner for sentencing and advising her she could submit letters on her behalf to the sentencing court.

*Defendant's Concise Statement of Matters complained of on Appeal,* ¶ 1-3.

Appellate review of a PCRA court's decision is limited to examining whether the court's findings of fact are supported by the record and whether its conclusions of law are free from legal error. *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) citing *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010). Further, the scope of review is

3

limited to the findings of the PCRA court and the evidence of record. Evidence is viewed in the light most favorable to the prevailing party at the PCRA court level *Id*. To prevail on an ineffectiveness claim, the party must establish that the underlying claim has arguable merit, that no reasonable basis existed for counsel's actions or failure to act, and that the party suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

## A. The Court did not err in finding that counsel was not ineffective for failing to explain the requirements of SORNA because both counsel and the Court had explained the requirements to the Defendant prior to sentencing.

The Sentencing Hearing transcript fully details that the Court conducted a SORNA colloquy with the Defendant prior to sentencing. Defendant at the time indicated that she understood all that was required of her under SORNA. The Defendant testified at the PCRA hearing that she remembers the court conducting the SORNA colloquy. PCRA Hearing Transcript 50-51. Additionally, trial counsel testified that he had discussed the SORNA requirements with the Defendant prior to entering the plea. P.H.T. 32-33. The Court found trial counsel's testimony to be credible. The Court also notes that while the SORNA colloquy was conducted after the guilty plea was entered, at no point during the colloquy or during sentencing did the Defendant indicate that she had issues with the requirements of SORNA. P.H.T. 65:4-11. There are numerous instances in the record that clearly show that the Defendant fully understood what she was pleading to and what complying with SORNA would entail. For this reason, the PCRA claim was without merit and this Court

4

found that counsel was not ineffective. Moreover, had counsel failed to explain SORNA, the Court still explained the requirements at the SORNA hearing and confirmed that she understood. Defendant would not have suffered prejudice by counsel's action. Accordingly, Defendant was informed at least twice of the SORNA requirements and Defendant's first issue is without merit.

**B. The Court did not err in finding that counsel was not ineffective for not disclosing discovery because though counsel did not physically give Defendant a copy of discovery, he did share the contents with Defendant during their meetings.**

At the PCRA hearing, trial counsel testified that Defendant had an ample amount of time to review discovery. Counsel testified that he visited the Defendant at least three to four times in jail and shared with her all the discovery information that he had that was relevant to the case moving forward. P.H.T. 12-13. Additionally, Defendant testified that trial counsel visited about seven times and brought over discovery for some of those visits. P.H.T. 38:11-15. Trial counsel took notes of the videos that were a part of the case and reviewed them with the Defendant and also physically showed her some of the discovery. At no point did Defendant request physical copies of the discovery from trial counsel. P.H.T. 35-36. As trial counsel reviewed and shared discovery with the Defendant during his multiple visits to the jail, this PCRA claim was without merit. Moreover, Defendant did not suffer any prejudice by not receiving physical copies of Discovery as she had the opportunity to review and discuss it with her counsel. Accordingly, this issue is without merit and this Court's ruling should be upheld.

5

**C. The Court did not err in finding that counsel was not ineffective for failing to prepare the Defendant for sentencing because counsel's testimony indicated that he had adequately prepared the Defendant.**

At the PCRA hearing, trial counsel testified that he had met with the Defendant prior to sentencing to discuss that sentencing was in the judge's discretion and that the Defendant could have witnesses testify on her behalf at the hearing. P.H.T. 21:4-25. Trial counsel also discussed with the Defendant the possibility of individuals submitting letters on the Defendant's behalf. P.H.T 22:3-12. Defendant did not indicate to trial counsel that there was anyone who could have written on her behalf. *Id.* Furthermore, the Defendant testified at the PCRA hearing that she did not mention to trial counsel that she had letters, and only inquired to the possibility of letters. P.H.T. 43:17-21. Though Defendant did testify that she may have had people who could have written letters prior to sentencing, trial counsel could not be expected to reach out to them without ever knowing who they were. Defendant was also given an opportunity to speak on her behalf at sentencing. At that time she apologized for her actions and thanked various family members for supporting her family, but did not mention that anyone else could have or should have provided testimony prior to sentencing. Sentencing Transcript 35-36. Trial counsel's testimony indicates that Defendant was fully informed that she could invite individuals to testify or write letters prior to testimony and Defendant stated she did not indicate to her attorney that she intended to do so. Therefore the PCRA claim was without merit and this Court could not find counsel ineffective. For this reason this issue is without merit and this Court's ruling should be upheld.

6

For the above reasons, this Court did not err or abuse its discretion in finding that Defendant's trial counsel was not ineffective for failing to inform the Defendant of SORNA requirements, failing to share discover with the Defendant or failing to prepare Defendant for sentencing. Accordingly, the Superior Court should uphold this court's decision denying Defendant's petition for PCRA relief.

**BY THE COURT:**

_____ P.J.

Robert G. Yeatts, President Judge

7