J-S18024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PHILLIP SMITH | : | |
| | : | |
| Appellant | : | No. 1278 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 10, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001791-2018

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY KING, J.:                **FILED: MAY 11, 2020**

Appellant, Phillip Smith, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his guilty plea to statutory sexual assault and corruption of minors.  On September 6, 2018, Appellant entered a guilty plea to one count each of statutory sexual assault and corruption of minors.  The court sentenced Appellant on December 5, 2018, to an aggregate term of 51 to 156 months' incarceration.  The court also informed Appellant of his lifetime obligation to register and report as a Tier III sexual offender under the Sexual Offender Registration and Notification Act ("SORNA").  Following a hearing on December 10, 2018, the court adjudicated Appellant a sexually violent predator ("SVP") and entered

_____

* Former Justice specially assigned to the Superior Court.

an amended sentencing order to reflect Appellant's SVP status. On December 11, 2018, Appellant timely filed a post-sentence motion, which was denied by operation of law on June 29, 2019. Appellant filed a timely notice of appeal on July 29, 2019. The court ordered Appellant on August 6, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). On September 4, 2019, Appellant filed a petition for leave to file a Rule 1925(b) statement *nunc pro tunc* and a proposed concise statement. The court granted Appellant's petition and accepted Appellant's Rule 1925(b) statement *nunc pro tunc* on September 9, 2019.

In his only issue on appeal, Appellant challenges the validity of his SVP adjudication in light of **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) (holding registration requirements under SORNA constitute criminal punishment) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017) ("**Butler I**") (holding provision of SORNA which requires court to designate defendant SVP by clear and convincing evidence violates federal and state constitutions because it increases defendant's criminal penalty without fact-finder making necessary factual findings beyond reasonable doubt). While Appellant's appeal was pending, however, the Pennsylvania Supreme Court reversed **Butler I**. **See Commonwealth v. Butler**, 25 WAP 2018, ___ Pa. ___, ___ A.3d ___, 2020 WL 1466299 (Pa. filed March 26, 2020) ("**Butler II**") (providing SVP registration, notification, and counseling

requirements do not constitute criminal punishment, and thus, adjudication of SVPs by clear and convincing evidence standard is constitutionally permissible).  In light of the foregoing, Appellant's sole issue on appeal merits no relief.  ***See id.***  Accordingly, we affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/11/2020