J-S10005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK LEE TITUS | : | |
| | : | |
| Appellant | : | No. 231 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 20, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000621-2017

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MAY 22, 2020**

Mark Lee Titus appeals from the judgment of sentence entered on September 20, 2018, after he pled guilty to one count of attempted rape by forcible compulsion, ***see*** 18 Pa.C.S.A. § 901(a), and one count of aggravated assault, ***see*** 18 Pa.C.S.A. § 3126(a)(1). On appeal, Titus challenges his post-sentencing classification as a sexually violent predator ("SVP") pursuant to Subchapter H of the Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA II"), ***see*** 42 Pa.C.S.A. § 9799.10 *et seq*., arguing the manner that he was found to be an SVP is unconstitutional under our decision in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017) ("***Butler I***"), as well as the United States Supreme Court opinions ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Alleyne v. United States***, 570 U.S. 99 (2013). As we are bound by our Supreme Court's recent holding in

*Commonwealth v. Butler*, ___ A.3d ___, 25 WAP 2018, 2020 WL 1466299 (Pa., filed March 26, 2020) ("*Butler II*"), we affirm.

Following his negotiated plea but before sentencing, the trial court directed Titus to undergo an evaluation by the Sexual Offenders Assessment Board ("SOAB"). After hearing from the SOAB evaluator, the court sentenced Titus to 156 months to 312 months of incarceration and additionally designated him as both a Tier III sexual offender and SVP.

Titus filed a post-sentence motion, which was denied by operation of law. Upon this denial, Titus then filed a timely notice of appeal. Both Titus and the trial court have complied with the dictates of Pa.R.A.P. 1925. As such, Titus's appeal is properly before our Court.

In his brief, Titus raises one issue for our review:

> Does SORNA II contravene the 5th, 6th, and 14th Amendments of the United States Constitution and Pennsylvania Constitution because Subchapter H's SVP determination constitutes criminal punishment and is adjudicated without appropriate due process requiring that each fact necessary to support the imposition of designation of Titus as a SVP be submitted to a fact finder or jury and proven beyond a reasonable doubt?

Appellant's Brief, at 2.

Titus contends that his designation as an SVP is unconstitutional following our Supreme Court's *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), decision when it is read in conjunction with our holding in *Butler I*. Although *Muniz* addressed an earlier iteration of SORNA ("SORNA I"), it held that "SORNA's registration provisions constitute punishment[.]" 164 A.3d

at 1193. Titus, tracking the language of this pronouncement, states that the newly enacted SORNA II's "Subchapter H remains nearly identical to [the] original SORNA and has not changed at all regarding designation as an SVP." Appellant's Brief, at 5. Titus concludes by asserting that "SORNA II as applied to those who may be or are designated as SVP remains punitive or punishment." *Id*.

Titus bolsters his argument that SORNA registration is punishment with this Court's decision in *Butler I*. The *Butler I* panel concluded that pursuant to *Muniz*, a determination that a defendant was an SVP under SORNA I "increase[d] the criminal penalty to which a defendant [was] exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." *Id*. Accordingly, the panel held that "trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism." *Id*. Titus asks us to apply *Butler I* to his case because he was designated an SVP by clear and convincing evidence rather than evidence that has been considered beyond a reasonable doubt.

A challenge to the legality of a sentence is a question of law. Therefore, our standard of review is *de novo*, and our scope of review is plenary. *See Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa. Super. 2012).

Titus is correct that *Muniz* established that SORNA I's registration requirements, as applied retroactively, were punitive and constituted

punishment. In reaching that decision, the Court in *Muniz* employed the seven-factor test set forth by the United States Supreme Court in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), and found that those registration requirements were violative of the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *See Muniz*, 164 A.3d at 1223.

Similarly, Titus is also right that *Butler I* held that a necessary corollary to *Muniz* was that an SVP determination required constitutional procedural safeguards. In so finding, *Butler I* relied heavily on the United States Supreme Court cases *Apprendi* and *Alleyne*. *See Butler I*, 173 A.3d at 1216-18. To summarize, *Apprendi* found that "it [was] unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Id*., at 1216. Moreover, "such facts must be established by proof beyond a reasonable doubt." *Id*., at 1217. Subsequently, *Alleyne* mandated that "any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." *Id*.

The panel in *Butler I* emphasized that "*Apprendi* and *Alleyne* apply to all types of punishment, not just imprisonment." *Id*. Therefore, if any factual determination results in an increased punishment-based sentence, that finding must be adjudicated beyond a reasonable doubt.

In utilizing the precepts contained within ***Apprendi*** and ***Alleyne***, ***Butler I*** also illuminated our Supreme Court's determination in ***Muniz***, wherein the Court designated the registration requirements under SORNA to be a form of criminal punishment. ***See id***. Accordingly, ***Butler I*** made the connection that "since our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under ***Apprendi*** and ***Alleyne***, a factual finding … that increases the length of registration must be found beyond a reasonable doubt[.]" ***Id***.

In response, the General Assembly enacted responsive legislation known collectively as SORNA II, which our Governor thereafter signed into law. ***See*** Act of Feb. 21 2018, P.L. 27, No. 10; Act of June 12, 2018, P.L. 1952, No. 29. The legislation explicitly notes that it was passed in response to ***Muniz*** and ***Butler I***.

Recently, however, our Supreme Court reviewed ***Butler I*** and reversed much of its legal analysis and underpinnings. ***Butler II***, __ A.3d __, 25 WAP 2018, 2020 WL 1466299 (Pa., filed March 26, 2020). In distinguishing itself from the facts of ***Muniz***, the Court remarked:

> SVPs are different from the non-SVP SORNA registrants at issue in ***Muniz*** due to heightened public safety concerns based on the determination SVPs have "a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. §9799.12. Therefore, a simple extrapolation from the analysis in ***Muniz*** is insufficient to determine whether the RNC [Registration, Notification, and Counseling] requirements constitute criminal punishment.

*Id*., 2020 WL 1466299 at *10.

In continuing its discussion, the Supreme Court conducted an examination of the registration, notification, and counseling ("RNC") requirements as applicable to SVPs using the two-part inquiry employed in *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003) ("*Williams II*")[1], and subsequently in *Muniz*. *See Muniz*, 164 A.3d at 1208 (analyzing first the General Assembly's intent and second a series of enumerated factors).

First, the *Butler II* Court determined the General Assembly's intention with respect to Subchapter H was non-punitive in nature. *See Butler II*, 2020 WL 1466299 at *11. Next, the Court considered the *Mendoza-Martinez* factors[2] and determined the punitive factors did not outweigh the non-punitive ones. *See id*., at *12-15. The Court held:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also **because we do not find the RNC**

---

[1] In *Williams II*, the Pennsylvania Supreme Court determined the RNC requirements of SORNA's predecessor, Megan's Law II, were constitutional and not intended to be criminal punishment.

[2] *See Williams II*, 832 A.2d at 973 (describing the *Mendoza-Martinez* seven-factor balancing test).

**requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment**.

*Id.*, at *15 (citation omitted) (emphasis added). Most importantly and of greatest relevance here was the Court's determination that "the procedure for designating individuals as SVPs under Section 9799.24(e)(3) is not subject to the requirements for *Apprendi* and *Alleyne* and remains constitutionally permissible." *Id.*, at *1.

Turning to the present matter, in light of the Supreme Court's decision in *Butler II*, we conclude that because SVP adjudication is not criminal punishment and, as such, passes muster under both *Apprendi* and *Alleyne*, the trial court did not err in designating Titus an SVP under SORNA II. *See Commonwealth v. Shaffer*, 734 A.2d 840, 844 (Pa. 1999) (remarking that it is the Superior Court's "duty to effectuate the decisional law of [the Supreme] Court"). Accordingly, his argument necessarily fails, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/22/2020