J-S25015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DILLAN MATTHEW FREY | : | |
| | : | |
| Appellant | : | No. 1971 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002842-2018

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                  **FILED SEPTEMBER 23, 2020**

Dillan Matthew Frey appeals from the judgment of sentence entered in the Court of Common Pleas of Cumberland County.  Upon review, we affirm.

On August 22, 2019, Frey entered a guilty plea to involuntary deviate sexual intercourse.[1]  The victim, Frey's cousin, was nine years old at the time of the offenses, which occurred sometime between January 1, 2011, and December 31, 2011.[2]

---

[1] 18 Pa.C.S.A. § 3123(a)(7) (victim less than 16 years of age and offender four or more years older than victim and complainant and victim are not married).  This offense is graded as a felony of the first degree.

[2] The information charged Frey with involuntary deviate sexual intercourse, corruption of minors, and indecent assault, which offenses occurred "on or about or between Saturday, the 1st day of January, 2011 and Saturday, the 31st day of December, 2011[.]"  Criminal Information, 12/18/18.

On December 2, 2019, the Honorable Thomas A. Placey sentenced Frey to 48 to 96 months' imprisonment, followed by 96 months of supervised probation. At sentencing, the Commonwealth advised Frey, a Tier III offender,[3] of his registration and reporting requirements pursuant to the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10 *et seq*. Frey did not file post-sentence motions. On December 9, 2019, Frey filed this timely appeal. Both Frey and the trial court complied with Pa.R.A.P. 1925.

Frey raises three issues for our review:

1. Is Frey's sentence of lifetime punishment pursuant to SORNA illegal, since SORNA is not a sentencing alternative authorized by section 9721 of the Judicial Code, and the trial court therefore lacked authority to impose such a sentence?

2. Is Frey's sentence of lifetime punishment pursuant to SORNA illegal since the statutory maximum for a felony of the first degree as codified in section 1103(a) of the Criminal Code is twenty (20) years?

3. Is Frey's sentence of lifetime punishment pursuant to SORNA a violation of the Sixth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment to the United States Constitution, as the penalty imposed was increased beyond the prescribed statutory maximum based upon the General Assembly's factual determination that [Frey] "pose[s] a high risk of committing additional sexual offenses," 42 Pa.C.S.A. § 9799.11(a)(4), a fact that was not submitted to a jury nor

---

[3] Frey was classified as a Tier III offender based on his conviction of involuntary deviate sexual intercourse, victim under the age of 16. **See** 42 Pa.C.S.A. § 9799.14(d)(4). Frey was not determined to be a sexually violent predator (SVP). As a Tier III offender, Frey is required to register for life. **See** 42 Pa.C.S.A. § 9799.15(a)(3).

proven beyond a reasonable doubt, as required by ***Apprendi v. New Jersey***, 530 U.S. 466 (2000)?

Appellant's Brief, at 6.

Frey argues lifetime registration is an illegal sentence, as registration pursuant to SORNA is not a sentencing alternative authorized by section 9721 of the Judicial Code. He also argues lifetime registration is illegal as it exceeds the statutory maximum for his offense, a felony of the first degree. ***See*** 18 Pa.C.S.A. § 1103(1) (sentence not to exceed 20 years). Finally, Frey argues lifetime registration is illegal as the penalty imposed increases his sentence beyond the statutory maximum based upon a fact not found by the jury beyond a reasonable doubt, in violation of ***Apprendi***.

Each of Frey's claims is based on the premise that Subchapter I is punitive. Recently, in ***Commonwealth v. Lacombe***, ___ A.3d ___, 2020 WL 4150283 (35 & 64 MAP 2018) (Pa. 2020) (filed July 21, 2020), the Pennsylvania Supreme Court addressed this issue. The Court explained:

> In response to [***Commonwealth v.***] ***Muniz***, [164 A.3d 1189 (Pa. 2017)] and the Superior Court's decision in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017) (Butler I) (invalidating SORNA's mechanism for determining SVP status, ***see*** 42 Pa.C.S. § 9799.51(b)(4)), rev'd 226 A.3d 972 (Pa. 2020), the General Assembly enacted Subchapter I, the retroactive application of which became the operative version of SORNA for those sexual offenders whose crimes occurred between April 22, 1996 and December 20, 2012. In this new statutory scheme, the General Assembly, *inter alia*, eliminated a number of crimes that previously triggered application of SORNA and reduced the frequency with which an offender must report in person to the Pennsylvania State Police (PSP). With regard to Subchapter I, the

General Assembly declared its intent that the statute "shall not be considered as punitive." 42 Pa.C.S. § 9799.51(b)(2).

*Id.*, slip op. at 17.[4] The Court applied the *Mendoza-Martinez*[5] factors and concluded that balancing these factors weighed in favor of finding the registration and notification requirements of Subchapter I nonpunitive. The Court, unable to find the requisite "clearest proof" Subchapter I is punitive,

_____

[4] *See* 42 Pa.C.S.A. §§ 9799.10-9799.41 (amended by Act of Feb. 21, 2018, P.L. 27, No. 10 and Act of June 12, 2018, P.L. 1952, No. 29. Act 10 (now Act 29) (2018, Feb. 21, P.L. 27, No. 10, § 6, imd. effective). Essentially, Act 10 sought to eliminate "punitive" effects and return the law back to Megan's Law II, adding a mechanism for removal from registry after 25 years. Act 10 structured two different tracks for sex offenders:

Subchapter H, which is nearly identical to SORNA and applies to offenses committed after Dec. 20, 2012 (date SORNA was effective), provides an offender may petition for removal from registry and allows some reporting requirements to be completed remotely.

Subchapter I, (applicable here, as Frey's offenses occurred during 2011, *see* note 2, *supra*), regulates those persons with offenses that occurred prior to SORNA (Dec. 20, 2012), applies to offenses committed between April 22, 1996 and December 20, 2012, and requires offenders to register for periods of either 10 years or life (SVPs for life). It reduced the length of time for which many offenders must register from 15 or 25 years to 10 years, and eliminated some offenses from registration. It also provides for a mechanism for possible removal of lifetime registration after 25 years.

[5] *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963). The *Mendoza-Martinez* factors are as follows: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment, that is, retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *Id.* at 146.

stated it could not "override legislative intent and transform what has been denominated a civil remedy into a criminal penalty[.]" **Id.**, slip op. at 35 (internal citations and quotations omitted).

Our Supreme Court has held Subchapter I does not constitute criminal punishment. Frey's claims, therefore, must fail.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/23/2020