J. S33034/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :     IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
               Appellant      :
                                          :
               v.                  :            No. 1614 MDA 2018
                                          :
DIEGO HECTOR MORAZZONI, SR.      :

Appeal from the Order Entered August 30, 2018,
in the Court of Common Pleas of Lebanon County
Criminal Division at No. CP-38-CR-0001327-2017

BEFORE:  LAZARUS, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED OCTOBER 21, 2020**

The Commonwealth appeals from the trial court's August 30, 2018 order

granting appellee, Diego Hector Morazzoni, Sr.'s motion to vacate its order for

a sexually violent predator ("SVP") assessment and denying the

Commonwealth's motion for a hearing to determine appellee's SVP status.

After careful review, we reverse and remand for proceedings consistent with

this memorandum.[1]

The trial court summarized the relevant procedural history of this case

as follows:

> [Appellee] was charged with two counts of Statutory
> Sexual Assault, five counts of Involuntary Deviate
> Sexual Intercourse, Sexual Abuse of Children, two
> counts of Aggravated Indecent Assault, Corruption of
> Minors, Endangering the Welfare of Children, five

---

[1] We note that appellee has not filed a brief in this matter.

counts of Indecent Assault and Indecent Exposure[2] for acts perpetrated upon a minor female victim between March 2016 and June 2017. On March 6, 2018, he entered a guilty plea to all charges pursuant to a negotiated plea agreement and sentencing was scheduled for May 9, 2018. We ordered an assessment pursuant to 42 Pa.C.S.A. §9799.24 to determine whether [appellee] is [an SVP].[3]

[On May 11, 2018, a]fter Dr. Robert Stein of the Sexual Offender Assessment Board determined that [appellee] meets the criteria for SVP classification, the Commonwealth requested a hearing to determine whether he should be classified as an SVP. Thereafter, [appellee] filed a motion to vacate the SVP assessment in which he challenged the constitutionality of Act 10 of 2018, the new Sexual Offender Registration and Notification Act[, 42 Pa.C.S.A. §§ 9799.10-9799.75,] ("SORNA") and we directed the parties to file briefs to address this issue.

Trial court opinion, 8/30/18 at 1-2 (extraneous capitalization omitted).

Following consideration of the parties' briefs, the trial court entered an order and opinion on August 30, 2018, granting appellee's motion to vacate the SVP assessment and denying the Commonwealth's motion for a hearing to determine appellee's SVP status. Thereafter, on September 26, 2018, the trial court sentenced appellee in accordance with his plea agreement to an aggregate term of 7 to 25 years' imprisonment. That same day, the Commonwealth filed a timely notice of appeal. On October 3, 2018, the trial

---

[2] 18 Pa.C.S.A. §§ 3122.1(b), 3123(a)(7), 6312(b)(2), 3125(a)(8), 6301(a)(1)(ii), 4304(a)(1), 3126(a)(8), and 3127(a), respectively.

[3] The SVP evaluation was not completed by the scheduled sentencing date, so the matter was continued until June 6, 2018.

court directed the Commonwealth to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. The Commonwealth timely complied. On October 19, 2018, the trial court entered an order in lieu of an opinion, indicating that all of the Commonwealth's claims were addressed in the opinion it authored in support of its August 30, 2018 order.

The Commonwealth raises the following issues for our review:

> A. Did the [trial] court commit reversible error when it found that the current sexual offender registration laws are punitive in nature?
>
> B. Did the [trial] court commit reversible error when it granted [appellee's] request to cancel a hearing to determine if [appellee] should be designated [an SVP]?

Commonwealth's brief at 4.

Both of Commonwealth's issues present a question of law, and our standard of review of such matters is ***de novo*** and our scope of review is plenary. ***See Commonwealth v. Lee***, 935 A.2d 865, 876 (Pa. 2007).

On July 19, 2017, our supreme court decided ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), ***cert. denied***, ___ U.S. ___, 138 S. Ct. 925 (2018), which found SORNA to be punitive in nature and held that the retroactive application of the registration and reporting requirements therein

violated the **ex post facto**[4] clauses of the United States and Pennsylvania Constitutions. **Id.** at 1219-1223. Thereafter, in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017), **appeal granted**, 190 A.3d 581 (Pa. 2018), a panel of this court concluded that because **Muniz** held that SORNA's registration requirements are punitive and an SVP designation increases the registration period, trial courts cannot apply SORNA's increased registration requirement for SVPs because SORNA does not require a fact-finder to determine, beyond a reasonable doubt, that the defendant is an SVP. **Butler**, 173 A.3d at 1217-1128, citing **Alleyne v. United States**, 570 U.S. 99 (2013). The **Butler** court held that the section of SORNA that requires a trial court to find a defendant to be an SVP by clear and convincing evidence, 42 Pa.C.S.A. § 9799.24(e)(3), is unconstitutional. **Butler**, 173 A.3d at 1218. The **Butler** court further noted that trial courts are precluded from designating convicted defendants as SVPs or holding SVP hearings "until our General Assembly enacts a constitutional designation mechanism." **Id.** The **Butler** court

---

[4] "The **ex post facto** prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." **Commonwealth v. Rose**, 127 A.3d 794, 798 (Pa. 2015) (citations and internal quotation marks omitted), **cert. denied**, 136 S.Ct. 2379 (2016). We note that in **Commonwealth v. Wood**, 208 A.3d 131 (Pa.Super. 2019) (**en banc**), an **en banc** panel of this court held that "application of SORNA to sexual offenders for offenses committed before its effective date [in December 2012] violates the **ex post facto** clauses of the United States and Pennsylvania Constitution." **Id.** at 138. As noted, appellant committed the offenses between March 2016 and June 2017, and, therefore, the **Wood** holding is not relevant to our analysis.

directed trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder. ***Id.***

In response to ***Muniz*** and ***Butler****,* the Pennsylvania General Assembly revised SORNA by passing Acts 10 and 29 of 2018 (also referred to as "SORNA II").[5] The express purpose of both legislative enactments was to cure SORNA's constitutional defects. ***See*** 42 Pa.C.S.A. § 9799.51(b)(4) (stating, "it is the intention of the General Assembly to address [***Muniz*** and ***Butler***]."). The new statute divides sex offender registration into two categories, depending on the date that the underlying offense occurred. Specifically, through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before SORNA's effective date, December 20, 2012. ***See*** 42 Pa.C.S.A. §§ 9799.52. Our General Assembly also modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after December 20, 2012. ***Id.*** at § 9799.11(c). As to a determination of an offender's SVP status, the "clear and convincing" standard in Section 9799.24(e)(3) remained unchanged. ***See id.*** at § 9799(e)(3) (stating, "[a]t the hearing prior to sentencing, the court

---

[5] ***See*** Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29").

shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator.").

Recently, on March 26, 2020, our supreme court reversed this court's decision in *Butler*. *See Commonwealth v. Butler*, 25 WAP 2018, 2020 WL 1466299 (Pa. March 26, 2020). Specifically, our supreme court held that the registration, notification, and counseling ("RNC") requirements "applicable to SVPs do not constitute criminal punishment," and therefore, SORNA's procedural mechanism for designating sex offenders as SVPs set forth in Section 9799.24(e)(3) does not violate "the principles set forth in *Apprendi* or *Alleyne*[.]" *Butler*, 2020 WL 1466299, at \*16 (citation omitted). In reaching this conclusion, the *Butler* court explained:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

*Id.* at \*15 (internal citation omitted).

Based upon the foregoing, we conclude that any designation of appellee as an SVP under Section 9799.24(e)(3) would not have constituted an illegal sentence, and accordingly, the trial court's order granting appellee's motion to vacate the SVP assessment on this basis and denying the Commonwealth's motion for a hearing to determine appellee's SVP status was improper.

Order reversed.  Case remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judge Ott did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2020