J-S44027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY EDWARD NEELY | : | |
| | : | |
| Appellant | : | No. 782 MDA 2020 |

Appeal from the PCRA Order Entered March 13, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000095-2012

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:            **FILED: JANUARY 4, 2021**

Appellant Timothy Edward Neely appeals from the order denying his petition challenging his obligation to register as a sex offender under the Sexual Offender Registration and Notification Act (SORNA) as an untimely Post Conviction Relief Act[1] (PCRA) petition.  Because we conclude that Appellant failed to properly raise or preserve a challenge to any applicable SORNA requirement, we affirm.

On March 8, 2012, Appellant pled guilty to involuntary deviate sexual intercourse, aggravated indecent assault, sexual abuse of children, and corruption of minors based on allegations of sexual abuse that occurred between January 1, 2009 and November 12, 2011.[2]  On April 12, 2012, the

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3123(a)(7), 3125(a)(7), 6312(d), and 6301(a)(1)(ii), respectively.

trial court sentenced Appellant to an aggregate term of twelve to forty years' imprisonment. The trial court also found that Appellant was a sexually violent predator (SVP) and ordered him to comply with the registration requirements under Megan's Law III.[3] Appellant did not take a direct appeal.

On August 9, 2019, Appellant filed a *pro se* petition challenging his SORNA registration requirements based on our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). The trial court regarded Appellant's filing as a PCRA petition and appointed counsel on Appellant's behalf. Appointed counsel subsequently filed an amended petition arguing that (1) Megan's Law and SORNA imposed unconstitutional requirements, such as "requiring convicted sex offenders to register their home address;" and (2) Appellant could not be classified as an SVP. Am. PCRA Pet., 12/5/19, at ¶ 9. However, Appellant did not address the subsequent enactment of SORNA II or any of the post-**Muniz** decisions by this Court or our Supreme Court.[4]

---

[3] Act 152, or Megan's Law III, **see** 2004, Nov. 24, P.L. 1243, No. 152, was in effect at the time Appellant committed the underlying offenses and at the time of his guilty plea.

[4] We note that, in response to **Muniz**, the General Assembly amended SORNA I to include Acts 10 and 29 of 2018 (SORNA II). **See** 2018, Feb. 21, P.L. 27, No. 10 (Act 10); **see also** 2018, June 12, P.L. 140, No. 29, (Act 29). SORNA II divides sex offender registrants into two distinct subchapters—Subchapter H, which includes individuals who were convicted of a sexually violent offense that occurred on or after December 20, 2012, and Subchapter I, which includes individuals who were convicted of a sexually violent offense that occurred "on or after April 22, 1996, but before December 20, 2012," or who

- 2 -

At the PCRA hearing on March 2, 2020, Appellant argued that his claim was "a purely legal issue" and that "in light of [**Muniz**] and its progeny, he can no longer be required to register under Megan's Law." N.T. PCRA Hr'g, 3/2/20, at 29. The PCRA court subsequently dismissed Appellant's petition as untimely.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion reiterating that Appellant's petition was untimely.[5]

On appeal, Appellant raises the following issue:

Whether th[e PCRA c]ourt erred in ruling that [Appellant] is not entitled to relief under the [PCRA] regarding the requirements to register as a sexually violent predator under [SORNA] where the

_____

were required to register under a former sexual offender registration law on or after April 22, 1996, but before December 20, 2012, and whose registration requirements had not yet expired. **See** 42 Pa.C.S. § 9799.11(c) and 42 Pa.C.S. § 9799.52, respectively.

Moreover, in **Commonwealth v. Butler**, 226 A.3d 972 (Pa. filed March 26, 2020) (**Butler II**), our Supreme Court held that the registration, notification, and reporting requirements "applicable to SVPs do not constitute criminal punishment," and therefore, the procedural mechanism in Pennsylvania for designating sex offenders as SVPs set forth in 42 Pa.C.S. § 9799.24 is constitutional. **Butler II**, 226 A.3d at 993.

[5] While this appeal was pending, our Supreme Court issued a decision in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020). The **Lacombe** Court explicitly rejected the proposition that SORNA claims must be raised in a timely PCRA petition. **See Lacombe**, 234 A.3d at 617-18. Therefore, provided that a petitioner properly preserves a SORNA challenge with the trial court, we agree that this Court has jurisdiction to consider claims raised outside of the one-year PCRA time bar. **See id.**

same has been ruled unconstitutional by appellate courts of this Commonwealth?

Appellant's Brief at 2.[6]

In his brief, Appellant sets forth the holding in *Muniz* and asserts that, although *Muniz* does not provide an exception to the PCRA time-bar, he "believes that the instant matter is ripe for consideration as a matter of unsettled law in this Commonwealth and proffers the within appeal." Appellant's Brief at 4.

Instantly, we agree with Appellant that this matter could be "ripe for consideration," because the trial court was not required to consider Appellant's petition under the PCRA. *See Lacombe*, 234 A.3d at 618. However, beyond his general assertion that *Muniz* invalidated SORNA I, Appellant does not explain why he is entitled to relief from any applicable SORNA registration requirement. As in the trial court, Appellant has failed to raise any specific challenge to his SORNA registration requirements in this appeal. *See* Appellant's Brief at 3-4; *see also* Am. PCRA Pet. at ¶ 9. Moreover, Appellant has not developed any arguments addressing the subsequent enactment of SORNA II or any of the post-*Muniz* decisions.

Therefore, we conclude that Appellant has failed to preserve or present any claims for this Court to review. *See Commonwealth v. Cosby*, 224 A.3d 372 (Pa. Super. 2019) (finding that the appellant waived his SORNA claim by

---

[6] The Commonwealth responds that the PCRA court properly dismissed Appellant's petition as untimely. *See* Commonwealth's Brief at 7.

failing to "provide any discussion, whatsoever, concerning the alterations made by the General Assembly in crafting SORNA II in response to *Muniz*" and ***Commonwealth v. Butler***, 173 A.3d 1212, 1218 (Pa. Super. 2017) (***Butler I***) and holding that such an omission is "fatal under Rule 2119, as the discussion of such of such changes is critical to any pertinent analysis of whether SORNA II's SVP provisions are punitive and, thus, subject to state and federal prohibitions of *ex post facto* laws"), *appeal granted in part*, 236 A.3d 1045 (Pa. 2020); ***see also*** Pa.R.A.P. 2119(a). Accordingly, Appellant is not entitled to relief. ***See Cosby***, 224 A.3d at 372.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/04/2021